Henry H. Craig and Another, Respondents, v. Frank J. Butler, Appellant.

*Recovery of rent after the total destruction of the leased premises by fire — right to surrender possession under chapter 345 of 1860 — when rent becomes due.*

In an action brought to recover rent reserved by the terms of a lease, it was shown that the rent reserved was $1,850 a year, payable $200 on the delivery of the lease, $150 on the first days of May, June, July and August in each year, and the balance of the yearly rent on the first day of September in each year. The lessee paid $200 on receipt of the lease, took possession of the premises thereunder, and paid the several installments of $150 each on the first days of May, June, July and August. September first was Sunday, and at six o'clock in the morning of that day the property was wholly destroyed by

fire. September second was Labor day, a legal holiday, and on September third the lessee gave the lessor notice that he surrendered possession of the premises pursuant to the provisions of chapter 345 of the Laws of 1860.

In an action brought by the assignees of the lessor to recover the balance of the yearly rent which, by the terms of the lease, became due on the first of September,

*Held,* that the purpose of chapter 345 of the Laws of 1860 was to relieve the tenant from payment of rent which accrued after the destruction of the leased building, not from the payment of rent which was due but unpaid at that time;

That, under the provisions of such lease, the balance of the yearly rent became due September first, and was due at all times during that day, although the tenant had the whole day in which to pay his rent without liability to action or distress for rent ;

That the fact that September first fell on Sunday had no effect upon the question, for the reason that the occurrence of Sunday at that juncture only extended the time of the payment of the rent then due, and did not prevent its falling due at the time named in the contract, the only effect of the rule *dies non* being to postpone the enforcement of the contract to a day open to transactions of a secular nature ;

That the plaintiffs were entitled to stand upon the terms of the lease, and insist that the rent sued for had accrued before the destruction of the property by fire, and that chapter 345 of the Laws of 1860 did not relieve the defendant from its payment.

APPEAL by the defendant, Frank J. Butler, from a judgment of the County Court of Monroe county in favor of the plaintiffs, entered in the office of the clerk of the county of Monroe on the 9th day of May, 1894, upon the decision of the court rendered on an appeal from a judgment of the Municipal Court of Rochester in favor of the defendant, a new trial having been had in the appellate court.

*Thomas Raines,* for the appellant.

*Albert H. Harris,* for the respondents.

DWIGHT, P. J.:

The action was to recover rent reserved by a lease executed by plaintiffs' assignor to the defendant of a summer hotel at Ontario Beach for the term of three years from May 1, 1889. The rent reserved was $1,850 a year, payable, $200 on the delivery of the lease, $150 on the first days of May, June, July and August in each year, and the balance of said yearly rent on the first day of September in each year. The defendant paid $200 on receipt of his

lease, took possession thereunder, and paid the several installments of $150 each on the 1st days of May, June, July and August, 1889. The 1st day of September, 1889, was Sunday, and at six o'clock in the morning of that day the property was wholly destroyed by fire. The next day (Monday, the second) was Labor day, a legal holiday. On the next day (Tuesday, the third) the defendant gave his lessor notice that he surrendered possession of the premises pursuant to the statute. The plaintiffs, as assignees of the lessor, bring this action to recover the balance of $1,050, which, by the terms of the lease, was to have been paid on the 1st day of September, 1889. The sole question in the case is whether the statute referred to in the defendant's notice, above mentioned, applies to relieve him from that payment. The enactment is found in chapter 345 of the Laws of 1860 (Birdseye, 828, § 32), and is as follows: " The lessees or occupants of any building which shall, without any fault or neglect on their part, be destroyed, or be so injured by the elements or any other cause as to be untenantable and unfit for occupancy, shall not be liable or bound to pay rent to the lessors or owners thereof after such destruction or injury, unless otherwise expressly provided by written agreement or covenant, and the lessees or occupants may thereupon quit and surrender possession of the leasehold premises, and of the land so leased or occupied."

Of course the purpose of the statute is to relieve the tenant from payment of rent *which accrues* after the destruction of the building; not from the payment of rent which was due, but unpaid at that time. So that the question here is narrowed to the inquiry whether, under the terms of this lease, the rent sought to be recovered *had accrued* when the fire occurred; not whether it was collectible, nor even whether it was payable on the first day of September — that day being Sunday — but whether it had accrued and was due when that day commenced, and, consequently, before the destruction of the building.

We believe that question is to be answered in the affirmative. The lease provides that all the balance of the yearly rent shall be paid on the first day of September. It may, then, be paid at any time on that day, and a tender of the amount would be good at any hour after the day begins. It must, therefore, have been due at all times during the day. No doubt the tenant has the whole day on

which his rent falls due in which to pay it, without liability to action or distress for rent. But,the law takes no account of fractions of days, and rent which is due on a day certain is due at any and every hour of that day. The question is not, when must it be paid in order to prevent default, but when may it be paid within the terms of the contract. The authorities cited by counsel for the defendant fail to meet the case in hand, because they relate to the time when the right of action for rent accrues, rather than to the time when the rent itself accrues, and the difference in time between the two is the whole length of the day. For though the tenant has until the last hour of the day on which the rent is due in which to pay it, it is, nevertheless, due all day, and may be paid or effectually tendered at any hour.

So much has been said as if the first day of September in this case had been a legal day. We suppose that the fact that it fell on a Sunday had no effect upon the question here presented, for the reason that the occurrence of Sunday at the juncture mentioned only extended the time of the payment of the rent then due; it did not prevent its falling due at the time named in the contract. As was said by the court in *Porter* v. *Pierce* (120 N. Y. 221), "That day (Sunday), like any other, occupies time." Contracts mature and rent falls due on Sunday as well as on any other day of the week; the only effect of the rule of *dies non* is to postpone the enforcement of the contract to a day which is open to transactions of a secular nature.

We suppose it is not at all material to inquire why the whole balance of the year's rent, reserved by the lease, was made to fall due on the first day of September; but the fact is sufficiently accounted for by evidence which is in the case and which shows in brief that the year of use and occupation practically ended at about that time. The building was a summer hotel at the lakeside; its use as such was substantially confined to the summer months. During those months the profit, if any, was made, and if the tenant was ever able to pay his season's rent it was at the close of that season. These facts are not referred to as suggesting equities arising outside the terms of the contract. The plaintiffs, we think, may stand upon the terms of the lease and insist that the rent sued for had accrued

before the destruction of the property by fire, and, consequently, that the statute does not relieve the defendant from its payment.

The judgment appealed from should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment of Monroe County Court appealed from affirmed.