(14 Misc. Rep. 529.)

HECHT v. HEERWAGEN.

(Common Pleas of New York City and County, General Term.  December 2, 1895.)

LANDLORD AND TENANT—RENT—DESTRUCTION OF PREMISES.
    Where a lease provides that rent shall be payable on the 1st day of each month, and that in case of fire the term shall cease, and "accrued rent shall be paid up to the time of the fire," and a fire occurs on the 12th of a month, the rent accrued is for the 12 days only.  34 N. Y. Supp. 456, affirmed.

Appeal from city court, general term.
Action by Henrietta Hecht against Edward C. Heerwagen for rent.    The rent was payable in advance on the 1st day of each month, and on the termination of the tenancy, on August 12th, plaintiff sued for the entire rent of that month.    The lease pro-

vided that "in case of fire, * * * if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease, and the accrued rent be paid up to the time of the fire." A fire occurred on August 12th, and the landlord elected to rebuild. The court directed a verdict for rent to August 12th only, instead of for the whole month. The judgment entered on such verdict was affirmed (34 N. Y. Supp. 456), and plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Arthur Furber, for appellant. ·
Robert E. Deyo, for respondent.

PRYOR, J. The authorities adduced by the learned counsel for the appellant, to which may be added Craig v. Butler, 83 Hun, 286, 31 N. Y. Supp. 963, are conclusive of the proposition that the entire rent for the month of August was due on the 1st day of the month. Hence, aside from any provision in the lease qualifying the legal rights of the parties, the termination of the tenancy on the 12th of August would be no answer to an action for all the rent of the month. But the parties have expressly stipulated that when, on the occurrence of a fire, the landlord elects to end the term, the "accrued rent shall be paid up to the time of the fire." The landlord knew that the entire rent for August would accrue and be due on the 1st day of the month. What, then, did he mean by the provision that accrued rent should be paid up to the time of the fire? He could intend but one thing, namely, that, although all the rent for August accrued on the 1st day of the month, yet the tenant should pay rent only to the 12th, the time of the fire. Upon any other construction, the words "up to the time of the fire" would be utterly without operation and effect. Of course, it was competent for the parties by express covenant to apportion the rent (Zule v. Zule, 24 Wend. 76; Church v. Seeley, 110 N. Y. 457, 8 N. E. 117); and this they have done by terms of which the meaning is unmistakable.

We are content, without further argument, to affirm the judgment on the opinion of Conlan, J., in the court below.

Judgment affirmed, with costs. All concur.