(49 App. Div. 136.)

### WERNER v. PADULA et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

LANDLORD AND TENANT—DESTRUCTION OF PROPERTY BY FIRE—RECOVERY OF RENT PAID IN ADVANCE.

Since the construction given Gen. Laws, c. 46, § 197, providing that, where a leased building is destroyed, the lessee may surrender possession, and shall not be liable for further rent, is that, where rent is paid in advance, it cannot be recovered on the destruction of the premises before it is earned, a tenant cannot recover the unearned portion of rent paid in advance on leased premises destroyed by fire, though her lease provides that, in case of the destruction of the premises, the rent shall be paid only to the time of their destruction.

Patterson and O'Brien, JJ., dissenting.

Appeal from trial term, New York county.

Action by Laura Werner against Carmimo Padula and another. From a judgment for plaintiff (60 N. Y. Supp. 553), defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George H. Taylor, Jr., for appellants.

Maurice Rapp, for respondent.

RUMSEY, J. On the 18th of April, 1899, the defendants leased to the plaintiff certain premises for one year from March 1, 1899, at the rent of $2,200 for the term, of which $1,200 was payable on the signing and delivery of the lease, $500 on the 15th of June, 1899, and $500 on the 5th of July, 1899. On the day that the lease was made the plaintiff paid to the defendants the first installment under the lease. On the 26th of May the leased premises were totally destroyed by fire, without any fault, carelessness, or negligence on the part of the plaintiff or her agents. The lease contained the provision:

"That, in case the building or buildings erected on the said premises hereby leased shall be partially damaged by fire, the same shall be repaired as speedily as possible, at the expense of the said party of the first part; that, in case the damage shall be so extensive as to render the building or buildings untenantable, the rent shall cease until such time as the buildings shall be put in complete repair, but, in case of the total destruction of the premises by fire or otherwise, the rent shall be paid up to the time of such destruction, and then and from thenceforth this lease shall cease and come to an end; provided, however, that such damage or destruction be not caused by the carelessness, negligence, or improper conduct of the party of the second part, her agents, servants, or employés."

The plaintiff, after the destruction of the premises, surrendered them to the defendants. She claims that as the rent, by the terms of the lease, was payable practically in advance, the clause quoted, by which, in case of the destruction of the premises by fire, the lease was determined, and the rent should be paid to the time of such destruction, meant that, if that contingency happened at any time before the end of the term, the defendants must refund the unearned rent, because, she says, the provision clearly contemplated that rent was only to be paid during the time that actual enjoyment was possible. The defendants, on the contrary, insist that the clause only

operates as to rent which shall not have been actually due at the time the buildings happen to be destroyed, and they claim that it does not require them to pay back any rent which they have received in accordance with the terms of the contract, even though the premises be destroyed before the expiration of the period for which the rent would have been earned, if it should be apportioned. The learned justice at the trial term adopted the contention of the plaintiff, and ordered judgment for her in the sum of $680.50, which was conceded between the parties to be the amount not earned if the rent was to be apportioned.

Before the passage of chapter 345 of the Laws of 1860, which has been continued in force as section 197 of chapter 46 of the General Laws, where land was held under lease, the destruction of the buildings upon the land did not operate as an eviction, nor entitle the lessee to surrender the premises, although the benefits of the lease were substantially lost to him by such destruction. 3 Kent, Comm. 465, 466. This injustice was remedied by the statute above referred to, by which it was provided that, where any leased building was destroyed so as to be untenantable, the lessee might, if the destruction was without his fault, quit and surrender possession of the leasehold premises, and that he should not be liable for the rent for the time subsequent to the surrender. The provision of the lease in question, with regard to the destruction of the building, is substantially the same as that of the statute; and, if the lease had not contained the clause above quoted, the statute would have operated to give to the lessee the same remedy which she obtains now by the express covenant in her lease. The fact that she has put into her lease the same thing which the statute would have read into it does not give her any greater privilege or any different right than she would have had under the statute alone. By the statute she might have surrendered the premises upon the complete destruction of the building by fire without her fault, and she could not have been called upon to pay any rent after the surrender. By the provisions of the lease, after the total destruction of the premises by fire, the lease was determined, and that determination operated as a surrender of the premises. When it was so surrendered, the rent should be paid to the time of such destruction. That provision is the precise converse of the provision of the statute, which is that she is not to be liable for the rent after the surrender. As the terms of the lease and the provisions of the statute amount to precisely the same thing, and have exactly the same meaning, they should receive precisely the same construction, because the tenant should not be given any greater rights, for the reason that she has written the provisions of the statute into her lease, than she would have received had she not done so.

The rights given to the tenant by the provisions of this statute are fixed in this state. If, by the terms of his lease, rent is to be paid in advance, the tenant comes under an absolute engagement to pay it on the day fixed, and he is not relieved from that engagement by the fact that the property is destroyed by fire, and he is liable to pay the rent due in advance, even though the destruction takes place on the

very day it falls due. This was the rule laid down in the case of Craig v. Butler, 83 Hun, 286, 31 N. Y. Supp. 963, which was affirmed in the court of appeals on the opinion of the general term (156 N. Y. 672, 50 N. E. 962). The case of Hecht v. Heerwagen, 14 Misc. Rep. 529, 35 N. Y. Supp. 1090, to the contrary, must be deemed to be overruled by Craig v. Butler, supra. The principle in Craig v. Butler is laid down in the case of Gugel v. Isaacs, 21 App. Div. 503, 48 N. Y. Supp. 594.

Under the statute, therefore, the plaintiff would have been compelled to pay the first installment of rent, although the premises had been destroyed on the day after this lease was signed. But it is said that, if this construction be given to her contract, she gets no more benefit from the contract than she would have had had she relied upon the statute. That is undoubtedly true. If she had written into her lease the exact words of the statute, they would have received there the same construction which the statute itself has received, and the fact that she has written words in her contract which have the same meaning gives her no other or different rights. When, therefore, on the day the lease was signed, she paid the rent in accordance with its terms, that payment was final and absolute, and she was not entitled to recover it back, in the event of the destruction of the premises before the whole of that rent had been earned. The judgment of the trial term must therefore be reversed, and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and INGRAHAM, J., concur.

PATTERSON, J. I am not able to concur in the opinion of the court in this case. In my judgment, it was properly decided at the trial, and the plaintiff was entitled to the judgment directed in her favor. I agree to the proposition that her right is to be ascertained by strictly legal rules. The decision of the court below proceeds upon the theory of a promise in law inferable from the terms of the fire clause of the lease, and requiring the defendant to repay to the plaintiff what is designated as unearned rent of the premises. Unless, by a fair construction of that clause of the lease, a promise to return that unearned rent can be implied, the judgment cannot be sustained. The question, therefore, is whether, upon a proper construction of that clause to ascertain the intention of the parties, they have so contracted that the defendant is entitled to retain the whole amount of money paid as the first installment of rent on April 18, 1899. While there are three conditions contemplated by that clause, each of which may operate separately, yet, to ascertain intention, the clause must be construed as an entirety. It provides— First, that, if the premises shall be partially damaged by fire, the same shall be repaired as speedily as possible, at the expense of the lessor; second, in case the damage shall be so extensive as to render the building or buildings untenantable, the rent shall cease until such time as the building shall be put in complete repair; third, that, in case of the total destruction by fire or otherwise, the rent shall be paid up to the time of such destruction, and then and from

thenceforth the lease shall cease and come to an end. These branches of one stipulation, covering three contingencies, evidently contemplate that the lessee shall have the full enjoyment of the term, in consideration of the rent paid, or should pay only for so much of the term as she enjoyed. If the damage by fire rendered the building or buildings untenantable, the rent should cease until such time as the premises were put in complete repair. That provision clearly shows that it was the intention of the parties that rent should be paid only during the time actual enjoyment of the premises was possible, and that construction is not impaired by the subsequent provision, in the same clause, that, in case of total destruction, the rent should be paid up to the time of such destruction. When all of the provisions of the fire clause are given effect to, the interpretation of them by the trial judge is fully justified. That clause is not a provision identical with the right of a tenant to surrender under section 197 of chapter 46 of the General Laws. It is an agreement between the lessor and the lessee, by which the lessee abandons a right she had under the statute. Under the section cited, she had the right to surrender the premises when they became untenantable and unfit for occupancy, as well as when they were totally destroyed. By the terms of this lease, she was still bound to the term if the premises became untenantable, the landlord being under the obligation to restore them to a tenantable condition. During that period the rent was to cease. If on the 19th day of April, or at any other time, the premises had been damaged by the elements, so as to be rendered untenantable, she would still have been bound to the term, the lessor being obliged to put them in repair, and, by the stipulation of the lease, the rent for the period required to make those repairs would have ceased. That merely means that during that period the lessor would not have been entitled to any rent, and the fact that, by his own stipulation, he was not entitled to rent during that period, would have raised the implied promise that he should return what he had received in advance for that period. As said before, the obvious purpose of this contract between the parties was that for the rent paid the lessee was entitled to the enjoyment of the premises, and, when that became impossible, the consideration failed, and there arose an implied promise to pay back so much of it as the lessor had received.

The judgment was right, and should be affirmed.

O'BRIEN, J., concurs.