## STERN v. MURPHY.

(Supreme Court, Appellate Term.  February 11, 1907.)

1. LANDLORD AND TENANT—SURRENDER—ACCEPTANCE.

Where a landlord takes possession after a surrender of the premises by the tenant and relets them to another, he will be deemed to have accepted the surrender, unless there are facts rebutting this inference.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 365, 367.]

2. SAME—LIABILITY FOR RENT—RENT PAYABLE IN ADVANCE.

Where rent is payable monthly in advance, and the tenant holds over past the day on which the rent is due, the landlord is entitled to recover the month's rent, notwithstanding that subsequently and during the same month he accepts the tenant's surrender of the premises by reletting them to another.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 788.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Isaac Stern against Joseph F. Murphy for rent and injuries to property. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Herman Gettner, for appellant.

McCarthy & McMahon (Aloysius McMahon, of counsel), for respondent.

PER CURIAM. This is an appeal by the plaintiff from a judgment of the Municipal Court of the city of New York, Borough of Manhattan, Twelfth district, in favor of defendant, dismissing plaintiff's complaint on its merits. The action was brought to recover the sum of $30.50, being $28 for one month's rent for June, 1906, for a flat occupied by defendant, at 122 West 137th street, New York City, payable in advance on the 1st day of June, 1906, and $2.50 for damaging a panel in said flat. The pleadings were oral, and the defendant interposed a general denial and surrender and acceptance for his answer.

The plaintiff, by Solomon Goldsmith, his agent, proved that in October, 1905, defendant agreed to remain as a monthly tenant of said premises at $28 per month, payable in advance on the 1st of every month, and that he remained in possession as such tenant, until June 7, 1906, when he removed therefrom and paid his rent, except for said month of June, 1906, which was duly demanded and no part thereof paid; that said Goldsmith went into said flat about October, 1905, and found everything in a first-class good condition; and that, after defendant moved out, he also went into the parlor of said flat and found that the panel underneath the front window was broken by force, and that the reasonable value of repairing said panel was $3. On cross-examination, when asked whether he rented the premises from June 1st, this witness testified that he received a deposit for the flat before

the 1st of June, 1906, but had to return it on June 3, 1906, as the party could not get in. The foregoing was, in substance, the testimony supporting the plaintiff's case. The defendant on his own behalf testified that he moved out on June 7, 1906, and gave as a reason for the same that he locked up the flat for which rent is claimed and went down to his mother's place; that his mother was sick on June 3d, and was buried on June 6th, and that he came back and moved from said flat on June 7, 1906; and that the agent told him that somebody moved into the flat on June 15, 1906; and on cross-examination defendant says that he watched the premises to see if anybody moved in, and on June 15, 1906, he saw some furniture moved in; that he did not see what the furniture was, when it was moved in, how many pieces, or in what part of the premises it was taken. The testimony shows that defendant retained possession of the flat until June 7, 1906, and no legal reason is shown why defendant did not vacate the flat on June 1, 1906.

The defense is surrender and acceptance. The testimony of the plaintiff on this branch of the case is as follows:

"Q. Is there a tenant in the premises now? A. Yes, sir. Q. When did he move in? A. The latter part of June. Q. What day in June? A. The 20th or 22d. Q. (by the Court). How did you come to take possession during the month of June, for which period you are seeking to collect rent? A. Mr. Murphy went out on the 7th of June, and left the key with the janitor, but did not offer her any rent. Q. You had no right in there, if it was his place? A. He gave it up."

The general rule is that a reletting by the landlord, without the consent of the tenant, is a resumption of complete possession and operates as a surrender by operation of law (18 Am. & Eng. Ency. of L. [2d Ed.] p. 365); and if a landlord takes possession after a surrender, and relets the premises to another, he will be deemed to have accepted the surrender, unless there are facts rebutting this inference (Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576). From the testimony quoted above it would seem that the plaintiff accepted the premises after the defendant abandoned them. It is true that without an agreement, either express or implied, a landlord has no right to relet demised premises, and, if he does, cannot hold the lessee responsible for any loss of future rent (Gaffney v. Paul, 29 Misc. Rep. 642, 61 N. Y. Supp. 173); but a surrender of a lease during the term, and its acceptance by the landlord, do not extinguish a right of action already accrued (McGregor v. Bd. of Ed., 107 N. Y. 517, 14 N. E. 420). The defendant held over for seven days in June, making himself a tenant for that month, at a rental of $28 for said month, which became due and payable on June 1st; so that plaintiff's cause of action accrued on June 1st, while the alleged surrender and acceptance did not take place for some time thereafter. As was held by the Appellate Term in Cheesebrough v. Lieber, 18 Misc. Rep. 459; 42 N. Y. Supp. 1122, where the rent is payable monthly in advance, the right of the landlord to recover the same is not affected by an unwarranted abandonment of the premises during the month, or by a subsequent surrender or cancellation of the lease.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

AMEND, J., concurs.

MacLEAN, J. (concurring). The plaintiff declared for rent and damages to property, to which the defendant answered general denial and surrender. The trial justice rendered judgment in favor of the defendant, dismissing the complaint on its merits. It is undisputed, at least, that the defendant remained in possession of the leased premises after rent had become due and payable. His subsequent removal and re-entry by the plaintiff did not determine his liability in debt, though determine it might all relation between plaintiff and himself. Norton v. Vultee, Super. Ct. Rep. 384, 389. Liable he was for what had accrued as a debt, as was held a lessee for rent payable on the 1st day of September, a Sunday, where the premises were totally destroyed by fire at 6 o'clock in the morning of that day; the next being Labor Day, and notice of surrender being given the day following, pursuant to the statute in reference to the rights and liabilities of lessees of buildings destroyed by fire. Craig v. Butler, 83 Hun, 286, 31 N. Y. Supp. 963, and affirmed in 156 N. Y. 672, 50 N. E. 962.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.