In the Matter of the Estate of SHERWOOD ALDRICH, Deceased.

Surrogate's Court, New York County, February 15, 1929.

*Gibbs, Hand & McCabe* [*Joseph V. McCabe* of counsel], for the petitioner.

*Henry Krinsky,* for the respondent.

O'BRIEN, S. This is a discovery proceeding instituted by the executrix of the above-named deceased against 116 East 56, Inc., to recover from the respondent certain personal property consisting of household furniture in the possession of the respondent. An answer was filed admitting possession of some of the property set forth in the petition but claiming that the same was held by reason of a lien which the respondent has for rent and food and other charges. The matter was argued and the facts are as follows: The deceased was a tenant of the respondent under a written lease commencing November 15, 1926, and ending September 30, 1927, for suites Nos. 135 and 137 in the Hotel Fairfax, located at 116 East

56th street, New York city, at a monthly rental of $287.50, payable, by the terms of the lease, in advance on the first day of each month. The tenant occupied the premises until his death on *July 2, 1927*. He paid all of the rent except the $287.50 which became due July 1, 1927, the day before he died. On the date of his death he owed for food and other charges the sum of $161.45. It is conceded by both sides that the respondent landlord has a lien under the terms of the lease and under section 181 of the Lien Law for the food and other charges furnished decedent by the respondent to the amount of $161.45, with interest from July 1, 1927, but the executrix denies as a matter of law that the respondent has any lien for the sum of $287.50, which was the rent for the month of July due in advance on the first of July, on the ground that any lien which the respondent might have under the Lien Law is for *past* due rent. The respondent, on the other hand, contends that the rent became *due in advance* on July first and was, therefore, owed to the landlord when the testator died on July second, and that, notwithstanding that it was a future rent, the landlord is entitled to a lien for the same, conceding that for the balance of the term, which would include the months of August and September, he has no lien, but has, however, a valid claim against the estate for those said months' rent. There is a bill of $30 for storage charges of the furniture and the landlord claims a lien for that sum also. Section 181 of the Lien Law, so far as material to the issues involved in this proceeding, reads as follows: " A keeper of a hotel, apartment hotel, inn, boarding house or lodging house, except an emigrant lodging house, has a lien upon, while in possession, and may detain the baggage and other property brought upon his premises by a guest, boarder or lodger, for the proper charges due from him, on account of his accommodation, board and lodging, and such extras as are furnished at his request."

I find no decision exactly in point, but by analogy the following case is helpful in interpreting this section as to what is meant by *past due rent:* In *Werner* v. *Padula* (49 App. Div. 135; affd., 167 N. Y. 611, without opinion), the court held, in interpreting a fire clause in a lease, where a total destruction of the demised premises occurred, that unearned rent, paid in advance, could not be recovered, stating in its opinion that " if by the terms of his lease rent is to be paid in advance, the tenant comes under an absolute engagement to pay it on the day fixed, and he is not relieved from that engagement by the fact that the property is destroyed by fire, and he is liable to pay the rent due in advance even though the destruction takes place on the very day it falls due." (See, also, *Craig* v. *Butler*, 83 Hun, 286; affd., 156 N. Y. 672.) Section 181 of the Lien Law, above quoted, creates a lien for the benefit of the landlord " for the proper

charges due from him " (referring to the tenant), and that as the rent for the month of July was *due on the first of July*, it was a proper charge due from the tenant to the landlord and is within the terms of the Lien Law. The form of the obligation, by a payment in advance, is *in futuro*, but as the obligation has already accrued, viz., on July first, it is in fact a past due charge. I, therefore, hold that the respondent has a valid lien for the sum of $287.50 rent due for the month of July, 1927, and the sum of $161.45 which it is conceded was due and owing for food and other charges furnished to the deceased before his death, making a total of $448.95. I find no provision creating a lien for storage charges and the lien will be disallowed for the $30 claimed for such. Proceed accordingly.