WARREN McMANN and Another, Plaintiffs, *v.* BEAUX ARTS APARTMENTS, INC., Defendant (two cases).

Municipal Court of New York, Borough of Manhattan, Fourth District, August 11, 1932.

*Aaron G. Mintz,* for the plaintiffs.

*Davis, Symmes & Schreiber* [*Harold L. Herrick* of counsel], for the defendant.

WHALEN, J.   These are two actions in replevin in which the plaintiffs, husband and wife, who were formerly tenants in a residential building owned and operated by the defendant, seek to recover furniture and other articles of personal property withheld by the defendant, after the plaintiffs had been dispossessed from their apartment in a summary proceeding instituted by the defendant, as landlord, against Warren McMann, as tenant.   The defendant withholds the property, claiming to have a lien thereon, both by the terms of the lease and also under the Lien Law.

The pertinent clause in the lease, constituting a part of paragraph 11, is as follows: " The tenant stipulates that the said building is an apartment hotel within the meaning and provisions of section 181 of the Lien Law of the State of New York."

The tenant is a college graduate and a graduate of engineering. He does not claim that he signed this lease, containing the above stipulation, under any misapprehension or by reason of any fraudulent inducement or misstatement on the part of the landlord, and, in fact, there is nothing in the evidence to avoid the binding effect of

this stipulation. The only argument the plaintiffs advance to avoid the effect of this stipulation is that the lease is a long and closely printed one, and that he did not take the time or the trouble to read all the provisions thereof. This I deem to be insufficient to defeat this particular clause in the lease.

The plaintiffs contend further that, regardless of the language of the lease, the building operated by the defendant was not in fact an apartment hotel, but was an apartment house, and that the suites therein were rented for housekeeping purposes, and that, therefore, the stipulation in the lease relating to a lien should have no effect. It will be necessary then to consider the next question as to whether or not the apartment occupied by the plaintiffs herein was in fact contained in what may be properly described as an apartment hotel.

On this point the defendant offered, during a protracted trial, elaborate and detailed proof covering the construction of the building, the conveniences and services supplied, and the knowledge and familiarity of the plaintiffs with these so-called hotel services.

The defendant owns and operates two buildings, one at 307 East Forty-fourth street, and one across the street at 310 East Forty-fourth street. They are seventeen-story buildings; 333 rooms in the south building and 308 rooms in the north building. The suite occupied by the plaintiffs was one room and bath, plus a small room that was called a serving pantry by the defendant, and which the plaintiffs insisted on calling a kitchenette. This was a very small space, described as about the size of the judge's desk, with an outlet for an electrical connection, a sink, and a refrigerator. Telephone and electric light were furnished by the landlord. There was a large lobby, similar to the ordinary hotel lobby, with clerks, night and day; a restaurant accommodating about two hundred people in the south building, three cleaning women, three window cleaners, twenty-eight maids, an assistant housekeeper, eight telephone operators, a restaurant captain, a room service captain, nine waiters, two bus boys, three cooks, a manager, seven employees in the audit department, a credit manager, six room clerks, a superintendent, and other employees, making a total of one hundred and forty-one. Laundry and valet service were furnished, and meals were sent to the rooms of the tenants from the restaurant. Money was advanced at the desk for packages that arrived for the tenants; in fact, the testimony shows that the services were so complete that it is difficult to imagine what other service any full-fledged hotel would render. Some of the suites were rented furnished to transient guests and others were rented unfurnished, including the apartment occupied by these plaintiffs. The bureau of buildings issued a certificate of occupancy for each of these buildings in which they are referred to as

apartment hotels, bearing this indorsement: " This building does not comply with the Tenement House Law. No cooking is permitted in any apartment of this building. Refer to definition of a tenement house embodied in printed matter on back of certificate."

The plaintiffs herein attempted to show that cooking was general in these apartments and that food of various kinds was regularly sent up to the tenants of the various apartments. It may be possible that some cooking was done in the serving pantries, but, if so, it was done in a surreptitious way, such as is probably done in many hotels.

In *Shearman* v. *Iroquois Hotel & Apartment Co.* (42 Misc. 217). decided by the Appellate Term, First Department, in 1903, it was held that a landlord of an apartment house with a restaurant attached, who rents an unfurnished apartment under a formal lease in writing to a tenant, was not entitled to a lien on the tenant's property under the provisions of the Lien Law as it then existed. Thereafter the Lien Law (§ 181) was amended in 1905 (Chap. 206), by adding the words " apartment hotel," and also the following: " An apartment hotel within the meaning of this section includes a hotel wherein apartments are rented for fixed periods of time, either furnished or unfurnished, to the occupants of which the keeper of such hotel supplies food, if required. A guest of an apartment hotel, within the meaning of this section, includes each and every person who is a member of the family of the tenant of an apartment therein, and for whose support such tenant is legally liable."

This amendment was evidently made, as was pointed out in *Apartment Hotel Owners Association, Inc.*, v. *City of New York* (133 Misc. 881), to overcome the effect of the decision in *Shearman* v. *Iroquois Hotel & Apartment Co.* (See, also, *Matter of Aldrich*, 133 Misc. 715, wherein the Surrogate's Court of New York county held that under a lease of an unfurnished suite in the Hotel Fairfax, describing the parties as landlord and tenant, the landlord had a lien against the tenant's furniture, both for rent and other ordinary hotel charges, under section 181 of the Lien Law.)

It, therefore, appears clearly to me that the defendant in these two cases has a lien on all the property of the plaintiffs contained in their apartment, both under the provisions of the Lien Law and also by virtue of the expressed stipulation in the lease itself. The complaint will, therefore, be dismissed on the merits, without prejudice to another action by the plaintiffs, after they shall have paid or tendered the amount due to the defendant.