COAST DELICATESSEN COMPANY, INC., Plaintiff, *v.* COX'S BATHS, INC., Defendant.

City Court of New York, Kings County, January 8, 1941.

*Silberman & Steinfeld*, for the plaintiff.

*Irving Rosenfeld*, for the defendant.

SABBATINO, J. Motion for reargument granted and upon such reargument the motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action is granted.

In this action a tenant seeks to recover a refund of rent paid in advance pursuant to the terms of a written lease. The premises involved are situated on the Coney Island boardwalk and were used for amusement purposes. Rent for the full year 1939 was payable in four installments, the last of which was paid on August 1, 1939. A fire occurred on October 2, 1939, totally destroying the demised premises.

The lease contains the usual fire clause which provides in substance that in the event of a partial destruction the damage shall be speedily repaired by the landlord, but in case of total destruction "the rent shall be paid up to the time of such destruction" and the lease shall then terminate. The plaintiff claims a refund for the period from the date of the fire to the end of the year 1939.

Where pursuant to a lease containing such a fire clause rent is payable in advance, a tenant comes under an absolute engage-

ment to pay it on the day fixed and is not relieved from such obligation even though a fire takes place on the day that such rent falls due, and the tenant accordingly is not entitled to a refund in the event the premises are destroyed before the whole of that rent has been " earned." (*Werner* v. *Padula*, 49 App. Div. 135; affd., 167 N. Y. 611.)

The plaintiff, however, contends that the amendment of section 227 of the Real Property Law by chapter 100 of the Laws of 1937 effected a modification of the law laid down in the case above cited. The statute is as follows:

" When tenant may surrender premises. Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender. Any rent paid in advance or which may have accrued by the terms of a lease or any other hiring shall be adjusted to the date of such surrender."

The amendment of 1937 merely added the last-quoted sentence.

Section 227 of the Real Property Law has no application here as the provision in the lease is an " express agreement to the contrary." The last sentence of the statute, as added by the amendment of 1937, should not be read alone but the statute must be read as a whole, and where the lease contains a clause completely providing for the rights and obligations of the parties in the event of a fire then, there being an " express agreement to the contrary," the statute is not controlling and the provisions of the lease must prevail.