Wachtel, J.
This is a dispossess proceeding brought for nonpayment of rent for the months of July and August, 1955, at $125 per month, due and payable on the first of the said respective months, the total rent in arrears amounting to $250. The testimony of the landlord was that the tenant occupied the premises for business purposes after the expiration of a lease which expired July 31, 1953. On July 21, 1955, a fire occurred *841 in the premises. There is a conflict in the testimony as to how extensive the fire was. The landlord testified that the fire was in the rear portion of the store, that the front part was not damaged. He also testified that although the store was closed after the fire he got a response when he called the premises by telephone from a telephone answering service and that he got such response at various times after July 21st. He further testified that about one third, possibly three fourths, of the ceiling was ripped down; that the glass in the store front was broken and that the damage to three stores including the store in question required $4,000 to repair; and that the damage to the other stores was slight, to this store extensive. The store was vacated on August 13th and reconstruction work was begun about the week of August 21st. He further testified that he had a “ rent insurance policy ” and that he received the money for the rent from the company in September. The tenant testified that there had been a three alarm fire, that the whole store window was smashed in, that there was debris all over the store, and that the roof opened up to the sky to the extent of almost the whole rear of the store; the tin of the ceiling had been pulled off by the hooks of the firemen and ripped off at least half of the way down and that a portion was also ripped in front of the store and left hanging. He further testified that he had to wait for the fire adjuster and for the inspector of the landlord’s insurance company to inspect the damage and this took about three weeks, that he could not work safely in the store, and he had no electric light. He collected $4,600 on a fire insurance policy of $5,000, and only $100 from a salvage company for ‘ ‘ all that he had left in the store ’ ’.
The tenant relies on section 227 of the Real Property Law which reads as follows: 1 ‘ Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender. Any rent paid in advance or which may have accrued by the terms of a lease or any other hiring shall be adjusted to the date of such surrender.”
The landlord claims that the premises were not destroyed or so injured by the fire as to be untenantable and unfit for occupancy and accordingly section 227 of the Real Property Law does not apply. The tenant controverts this and contends that *842 section 227 does apply and claims that he is liable for rent only up to July 21st, the date of the fire. The tenant further claims that he is entitled to the deposit retained by the landlord together with interest, upon the ground that it was commingled with the personal moneys of the landlord. In this regard the •landlord testified that the deposit was kept in a checking account under the names of Dorothy A. Siegel and Louis It. Siegel. He admitted that it was commingled with other funds relating to the building at which the premises were located, although he insisted that this constituted a separate account for this building.
The tenant has moved to dismiss the petition upon the following grounds: First, that a judgment may not be entered for arrears in rent because there was no personal service of the precept. The tenant’s attorney cites in support the case of Fourteenth St. & Broadway Realty Corp. v. Deutsch (136 Misc. 50). This case is not in point because it holds that where the precept fails to contain a notice that demand is made in the petition for a judgment for rent in arrears and that the precept be served at least five days before the return day thereof, the court has no jurisdiction to award a judgment for rent. However, such notice is contained in the precept in this case. Furthermore, although there was no personal service, yet the defendant has voluntarily appeared (Matter of McDonald, 225 App. Div. 403, 406, 407). Accordingly the motion to dismiss the petition in this respect is denied.
Secondly, the tenant claims that inasmuch as the landlord was paid the rent by his insurance company that the said insurance company is the real party in interest. However, the policy produced by the landlord merely provides that the company ‘ ‘ may ’ ’ require from the insured an assignment of all rights of recovery against any party for loss to the extent that payment therefor is made by the company. There is no proof that the company has required such an assignment or that an assignment has been made. Furthermore, payment of all or part of the loss is no bar to this action. (Brewster v. Silverstein, 133 N. Y. S. 473.) Accordingly, the motion to dismiss the petition upon this contention is denied.
Thirdly, the tenant further moved to dismiss the petition upon the basis of section 227 of the Real Property Law. However, the fire clause of the lease which is projected into the statutory tenancy (par. 11 of the lease) takes the case out of the operation of section 227 of the Real Property Law and the rights of the parties are measured thereby (Butler v. Kidder, 87 N. Y. 98). This clause provides as follows:
*843 “If the demised premises shall be partially damaged by fire or other cause without the fault or neglect of Tenant, Tenant’s servants, employees, agents, visitors or licensees, the damages shall be repaired by and at the expense of Landlord, and the rent until such repairs shall be made shall be apportioned according to the part of the demised premises which is usable by tenant. No penalty shall accrue for reasonable delay which may arise by reason of adjustment of fire insurance on the part of Landlord and/or Tenant, and for reasonable delay on account of “labor troubles ”, or any other cause beyond Landlord’s control. But if the demised premises are totally damaged or are rendered wholly untenantable by fire or other cause, and Landlord shall decide to demolish it or rebuild it, then in any such events, Landlord may, within ninety (90) days after such fire or other cause, give Tenant a notice in writing of such decision, which notice shall be given as Article 32 hereof provided and thereupon the term of this lease shall expire by lapse of time upon the third day after such notice is given and Tenant shall vacate the demised premises and surrender the same to the Landlord.”
The court finds that the premises were rendered wholly untenantable by the fire. Accordingly, the last portion of paragraph 11 applies. Although there is no testimony as to whether or not a notice was given to the tenant of the landlord’s decision the landlord testified that “ reconstruction work ” was begun the week of August 21st. Accordingly, the landlord decided to rebuild and the delay of three weeks occasioned by the efforts of both parties to adjust the fire loss was not an unreasonable time within which the tenant was required to remove his property from the premises. (Bassett v. Dean, 34 Hun 250; Decker v. Morton, 31 App. Div. 469, appeal dismissed 159 N. Y. 572.) It may be inferred from the testimony that the landlord made no objection to the surrender by the tenant and on the other hand he testified he received the keys to the store on August the 15th. It was thus unnecessary for the landlord to serve the notice provided by paragraph 11. The contention of the tenant that he is liable for rent only up to the date of the fire, July the 21st, is not sustained. Nothing is said in the last portion of paragraph 11 as to any abatement of rent up to the time of surrender and so the obligation to pay rent up to that time is not affected (cf. Playfair Card & Toy Shop v. Landon Holding Corp., 134 N. Y. S. 2d 651). Even on the basis of the tenant’s contention that section 227 of the Real Property Law applies, the rent upon that theory would be payable up to the time of surrender. The question then arises whether the total monthly rent for both July and August is payable or whether the rent may be apportioned up to the date of surrender, -namely August 13th. However, such apportionment is applicable by operation of section 227 of the Real Property Law and inasmuch as the lease takes this case out of the operation of the statute the total rent is payable for both the months of July and August. This is the *844 common-law rule (Werner v. Padula, 49 App. Div. 135 affd. 167 N. Y. 611) that where a tenant comes under an absolute obligation under his lease to pay rent on a fixed day in advance the full rent is payable and cannot be recovered by reason of the destruction of the premises before it was earned nor can the tenant recover the unearned portion thereof. The amendment of section 227 of the Real Property Law by chapter 100 of the Laws of 1937 which added the last sentence providing for adjustment of the rent to the date of the surrender is not applicable where there is “ an express agreement to the contrary ”, namely the fire clause of the lease (Coast Delicatessen Co. v. Cox’s Baths, 175 Misc. 928). .
The court finds that the counterclaim interposed by the tenant for the return of the deposit, with interest from the date of the deposit namely from the 1st day of August, 1949, is sustained. (Cf. 2710 8th Ave. v. Forman Pharmacy, 180 Misc. 376; 2300 Concourse Realty Co. v. Klug, 201 Misc. 179, and Real Property Law, § 233.) It is conceded that the amount of $250 has been held by the landlord as security.
Accordingly, the court finds that the tenant is entitled to the sum of $250 upon the counterclaim, with interest from the 1st day of August, 1949.
Final order landlord. Rent payable $250, with interest from August 1,1955. Counterclaim of tenant sustained in the amount of $250, with interest from August 1, 1949. Stay ten days.