## Daniel D. Cougle v. Mrs. A. E. Densmore.

1. LANDLORD AND TENANT—*Defense to an Action for Rent.*—Before a tenant can impute lewdness of his co-tenants to his landlord as an excuse for not paying rent, he must show enough to charge the landlord with knowledge that such co-tenants took their leases with lewd intentions.

2. SAME—*Lewdness of Co-tenants.*—The fact that after tenants took possession they used the premises for lewd purposes, and the landlord neglected to use any means to put them out, is no defense to an action for rent.

3. VERDICT—*When to be Directed for Plaintiff.*—Where an action is brought upon a lease and the defense set up is not sufficient in law, the court may direct what the verdict shall be.

**Memorandum.**—Action for rent. Appeal from a judgment of the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in that court on appeal from a justice of the peace. Submitted at the October term, 1894. Affirmed. Opinion filed March 5, 1895.

APPELLANT'S BRIEF, SMITH, MUHLKE & MURDOCK, ATTORNEYS.

If the landlord, by any act of his, renders the lease unavailing to the tenant, he is thereby exonerated from the terms and conditions of the lease, and he may abandon it. Leadbeater v. Roth, 25 Ill. 590; Wright v. Lattin, 38 Ill. 296; Hayner v. Smith, 63 Ill. 430; Cohen v. Dupont, 1 Sandf. (N. Y.) 260; Dyett v. Pendleton, 8 Cow. (N. Y.) 727; Collins v. Blantern, 2 Wills R. 350; Taylor's Landlord and Tenant, 380.

APPELLEE'S BRIEF, HAMLIN, HOLLAND & BOYDEN, ATTORNEYS.

The appellee contended that the evidence did not show an eviction.

To constitute an eviction it is essential that there be something of a grave and permanent character done by

the landlord with intent to deprive the tenant of the enjoyment of the premises.   Hayner v. Smith, 63 Ill. 430; Lynch v. Baldwin, 69 Ill. 210; Walker v. Tucker, 70 Ill. 527; Morris v. Tillson, 81 Ill. 607.

To constitute a constructive eviction, it must be something done by the landlord, or with the consent of the landlord, creating a nuisance on the premises and thus depriving the tenant of the beneficial use of the premises.

If the landlord himself creates a nuisance either upon or near the premises, it will amount to an eviction, or if he lets the premises for a purpose that will necessarily result in a nuisance; but if he lets them for a purpose that will not necessarily result in a nuisance, but which becomes so only because of the negligence or wrongful acts of the tenant, it is not an eviction, nor can an eviction be predicated because of a nuisance created by a stranger; nor if another tenant' of a part of the same building uses it as a house of prostitution can the nuisance thus created be construed as an eviction.   In all such cases in order to establish an eviction the tenant must show that the act proceeded from the landlord himself, or exists by his connivance or consent, or that he let the premises for a purpose from which the nuisance necessarily and inevitably followed.   2 Wood on Landlord and Tenant, 1109, 1111 (2d Ed.).

And the act complained of must proceed from the landlord; for where a tenant abandons the premises, and resists the payment of rent subsequently accruing, on the ground that other apartments in the same building, adjoining or below his, are occupied as a place of prostitution, he must show that the landlord created the nuisance by leasing the apartments for that purpose, or that it existed by his connivance or consent.   Taylor on Landlord and Tenant, Vol. 1, page 452, par. 381 (8th Ed.); De Witt v. Pierson, 112 Mass. 8; Gilhooley v. Washington, 4 N. Y. 217; Townsend v. Gilsey, 1 Sweeney (N. Y.) 155.

The interruption, however, must be the work of the landlord, and he is not responsible for the misconduct of third parties.   The defense in this case brings on the point, whether the landlord be implicated in the establishment or

continuance of a bawdy house in the basement of the demised premises. If he is not instrumental either in the creation or continuance of the nuisance, the plea of eviction is without support. A mere omission on his part to abate the nuisance has never been held an answer to an action for rent. Townsend v. Gilsey, 1 Sweeney (N. Y.) 155; Gilhooley v. Washington, 4 N. Y. 217; Mortimer v. Bremner, 6 Bosw. 653; Ogilvie v. Hull, 5 Hill 52.

Mr. Justice Gary delivered the opinion of the Court.

March 2, 1893, the appellee, by indenture, demised to the appellant a "flat" to hold from May 1, 1893, to April 30, 1895, which indenture contained a provision—probably useless as being no more than the law—that the appellee should not be liable "for any damages arising from acts or neglect of co-tenants or other occupants of the same building." Had the appellant been as careful to stipulate that he might quit, if co-tenants or other occupants so behaved that the flat demised was an unfit place for a family residence, his defense to this action for rent would probably have been successful. But there is no such stipulation, and therefore, before he can impute lewdness of co-tenants to the appellee as an excuse for not paying rent, the appellant must show enough to charge her with knowledge that those co-tenants took their leases with lewd intentions. De Witt v. Pierson, 112 Mass. 8.

That after such co-tenants were in, using their apartments for lewdness, she neglected to use any means to put them out, is no defense for the appellant. He had the same access to the law that she had, and must pay the rent as he covenanted to do, notwithstanding his abandonment of the flat.

The action being based upon the lease, and the only defense claimed being no defense, the court was right in directing what the verdict should be. Heinsen v. Lamb, 117 Ill. 549, in which it is said, "there is no difference in this respect between an ejectment suit and any other." Also, Anderson v. McCormick, 129 Ill. 308, and Anthony v. Wheeler, 130 Ill. 128. The judgment is affirmed.