BODINE et al., Respondents, v. BROWN et al., Appellants. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by Clothilde Bodine and others against Ronald K. Brown and others. J. M. Gardner, for appellants. F. J. Worcester, for respondents. No opinion. Motion for new trial denied, upon opinion heretofore handed down. 42 N. Y. Supp. 202.

BOEDECKER et al. v. WESTCHESTER FIRE INS. CO. (Supreme Court, Appellate Division, First Department. January 15, 1897.) Action by Henry Boedecker and others against the Westchester Fire Insurance Company. Browne & Sheehan, for plaintiffs. C. A. Runk, for defendant. No opinion. Motion dismissed, with $10 costs and disbursements.

BRENNAN, Respondent, v. O'HARE et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Application by Mary Brennan, special guardian (Patrick Brennan, administrator), against Annie O'Hare and others. No opinion. Order reversed so far as it modifies the report of the referee, and so far as it grants an allowance to the respondent for proceedings on the accounting. The report of the referee is in all respects confirmed. As so modified, the order is affirmed, without costs.

BROOKLYN RAILWAY SUPPLY CO., Respondent, v. JAMAICA & B. ROAD CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1896.) Action by the Brooklyn Railway Supply Company against the Jamaica & Brooklyn Road Company. No opinion. Judgment and order affirmed, with costs.

BRUSH, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 22, 1896.) Action by Juliet Brush against the Long Island Railway Company. No opinion. Motion for leave to appeal to the court of appeals denied. The consent of this court is not necessary for the appellant to appeal to the court of appeals. See 42 N. Y. Supp. 103.

CHEESEBROUGH, Respondent, v. LIEBER, Appellant. (Supreme Court, Appellate Term, First Department. November 25, 1896.) Action by Robert A. Cheesebrough against B. Franklin Lieber. Alfred A. Cook, for appellant. William C. Canminn, for respondent.

BISCHOFF, J. This action was brought to recover rent due from the defendant to the plaintiff for the month of May, 1896, under a yearly lease of an apartment in the latter's premises. The defenses set up were the plaintiff's breach of a condition in the lease and an acceptance of the defendant's surrender of the apartment. It was claimed by the defendant that at the expiration of an original lease for one year, which commenced December 1, 1894, he entered into a verbal renewal agreement upon the condition that he have the privilege of using the main door of the house for ingress and egress of his child in a baby carriage, and that this right was

thereafter denied him, thereby justifying his removal from the premises. The renewal agreement was denied in toto by the plaintiff's witness, McMorrow, who testified further that the defendant was allowed to hold over after the expiration of the first lease in reliance upon the landlord's legal right to treat the tenancy thus subsisting as in accordance with the terms of that lease, and that the tenant thereafter made appropriate monthly payments, agreeably to the original agreement, up to the date of his abandonment. Upon this conflict of facts, the justice's determination against the defendant's story was properly within his province, and we find no reason for disturbing his conclusion, therefore, that the tenancy, at the period in suit, was based upon the terms of the original letting. McAdam, Landl. & Ten. (2d Ed.) p. 32; 12 Am. & Eng. Enc. Law, 759. According to the contract, the rent was payable monthly in advance, and the installment sued for became due prior to the time of the tenant's removal from the premises, which took place, according to his testimony, in the afternoon of May 1, 1896. Therefore the recovery of this installment was properly allowed (MacKellar v. Sigler, 47 How. Prac. 20), and, while the question of the plaintiff's implied acceptance of the surrender, through reletting the premises during some later months, would be pertinent if the landlord laid claim to rent afterwards accruing, an inquiry into the matter is not material to this appeal. The fact being found, upon satisfactory evidence, that the defendant's abandonment of the premises was not justified by the landlord's breach of the agreement of letting, and the rent having become due before any question of surrender had arisen, and before there was any delivery of the premises as to which an acceptance could be implied from subsequent acts of the landlord, the right to the recovery of such rent became apparent. At most, the cancellation of this contract took effect from the time of the tenant's abandonment of the premises, leaving all rights which had accrued prior to that time unaffected, since no agreement for the abrogation of such rights was shown, and this rent was due at the time of the abandonment, and so the landlord's right to it was not affected by the cancellation, which took effect, if at all, from that period. Sperry v. Miller, 16 N. Y. 407; Roe v. Conway, 74 N. Y. 201; McGregor v. Board, etc., 107 N. Y. 517, 14 N. E. 420. Judgment affirmed, with costs.

CLARK, Respondent, v. MIDDLETOWN-GOSHEN TRACTION CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 12, 1897.) Action by Harriet W. Clark against the Middletown-Goshen Traction Company. No opinion. Motion granted. See 41 N. Y. Supp. 1109.

COLONIAL CITY TRACTION CO., Respondent, v. KINGSTON CITY R. CO. et al., Appellants. (Supreme Court, Appellate Division, Third Department. January 15, 1897.) Action by the Colonial City Traction Company against the Kingston City Railroad Company and others. No opinion. Reargument ordered to be had January 26, 1897, at the opening of the court.