(33 Misc. Rep. 109.)

## SEABOARD REALTY CO. v. FULLER.

(Supreme Court, Appellate Term.   November 27, 1900.)

1. LANDLORD AND TENANT—EVICTION—ACTS OF OTHER TENANTS.
   An eviction from leased premises cannot be predicated on the fact that the tenant's rest was disturbed by the noise of children in another apartment of the same building.

2. SAME—WAIVER OF TENANT.
   Where a tenant remains in the rented premises for several months after and during the continuance of an annoyance complained of, his retention of the premises is a confirmation of the tenancy, and an election by him to perform the lease.

Appeal from municipal court, borough of Manhattan, Third district.

Action by the Seaboard Realty Company against Bayard C. Fuller.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Hardy & Shellaberger, for appellant.

William F. S. Hart, for respondent.

O'GORMAN, J.   The defense of constructive eviction is absolutely without evidence to support it.   A tenant in an apartment house is not at liberty to abandon his apartment and cancel his liability under a lease because his nervous sensibilities may be excited, or his rest disturbed, by the noise and prattle of children in another apartment in the same building.   Leases would not be worth the paper upon which they are written if the engagements of parties could be set at naught upon such slight and trivial pretexts.   To constitute a constructive eviction, there must be an intentional and injurious interference by the landlord, which deprives a tenant of the beneficial enjoyment of the demised premises, or materially impairs such beneficial enjoyment.   An eviction depends upon the materiality of the deprivation.   If trifling, and producing no substantial discomfort or serious inconvenience, it will be disregarded, and will not afford cause for the termination of the relation of landlord and tenant.   11 Am. & Eng. Enc. Law (2d Ed.) 478.   The testimony offered by the defendant tended to show that he and his invalid sister were occasionally annoyed by two children on the floor above, who were accustomed to play with blocks and other toys.   One of these children was 11 months old, and the other 5 years.   The defense must set great reliance upon human credulity to hope that such incidents would be held to constitute a serious interference with the beneficial use and enjoyment of an apartment.   Not only do the facts entirely fail to establish a deprivation of defendant's use and enjoyment of the demised premises, but other indispensably necessary elements of a constructive eviction are lacking.   An eviction cannot be predicated of acts or conduct, however wrongful or distressing, unless committed, encouraged, or connived at by the landlord.   He is not responsible for the conduct of other tenants acting within their rights in their own apartments.   If defendant's grievance was a substantial one, he could secure redress, not against his landlord, but against the offending tenant in the premises above.   In an apartment house, where there are numerous tenants (in the building in question there were 12), a distinction exists between acts done in the apartments of the tenants and those committed in the halls or other parts of the building over which the owner retains control.   As to the former, the individual tenants are responsible for their use thereof, and as to the latter the owner must answer for the manner of their use to his tenants.   The acts urged by the defendant in justification of his abandonment of the demised premises occurred within the apartment of another tenant, and the liability therefor cannot be visited upon the plaintiff.   Majestic Hotel Co. v. Eyre, 53 App. Div. 273, 65 N. Y. Supp. 745; Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716.   But the defense is not without other infirmities. . Where the right to abandon premises exists, the tenant must remove with reasonable promptitude after the circumstances creating the eviction arise; and, if he fails to do so, his right to repudiate the hiring is lost.   Copeland v. Luttgen, 17 Misc. Rep. 605, 40 N. Y. Supp. 653.   In the case before us the defendant went into occupancy of the apartment in September, 1899.   He testified that the annoyance complained of began in November, 1899, and continued from

time to time until the latter part of April, 1900, when he removed from the building. The retention of the premises for such a period after the commencement of the alleged annoyance was a confirmation of the tenancy, and must be treated as an election by the tenant to perform the covenants of the lease, and to retain its benefits.

As to the claim for rent, the defense of eviction is manifestly unavailing. As to the claim for electric light used by the defendant from January 5 to February 6, 1900, the evidence of the employés of the electric company is persuasive and convincing, and no defense thereto seems to have been attempted. The plaintiff was clearly entitled to recover both claims, and the judgment for the defendant must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.