BUTLER v. CARILLO

(Supreme Court, Appellate Term. June 23, 1904.)

1. TRIAL—NONSUIT—FAILURE TO TAKE—EVIDENCE OF DEFENDANT.
    In an action for rent, where plaintiff did not establish nonpayment so that a nonsuit would have been proper, but defendant nevertheless proceeded, plaintiff had the right to rely on defendant's statement that the rent had not been paid.

2. LANDLORD AND TENANT—EVICTION—ABANDONMENT—WAIVER OF RIGHT.
    Where the right to abandon premises exists, the tenant must remove with reasonable promptitude after the circumstances creating the eviction arise, and, if he fails to do so, his right to repudiate the hiring is lost.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Jacob Butler against Irene Carillo. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Henry Brill, for appellant.
Warren McConihe, for respondent.

MacLEAN, J. When the plaintiff rested in his action for rent, a nonsuit would have been proper, for nonpayment was not established; but, the defendant proceeding, the plaintiff had right to rely upon the statement of the defendant that the rent sued for had not been paid. Bopp v. N. Y. Electric Vehicle Co., 78 App. Div. 337, 79 N. Y. Supp. 1035. Even assuming that the facts testified to were at one time sufficient to constitute a constructive eviction, for defense they were ineffectual, for "where the right to abandon premises exists the tenant must remove with reasonable promptitude after the circumstances creating the eviction arise, and, if he fails to do so, his right to repudiate the hiring is lost." Seaboard Realty Co. v. Fuller, 33 Misc. Rep. 109, 111, 67 N. Y. Supp. 146, 147. The verdict was therefore properly directed, and the judgment entered thereon must be affirmed.

Judgment affirmed, with costs. All concur.

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 713.