(46 Misc. Rep. 68)

## SEFTON v. JUILLIARD.

(Supreme Court, Appellate Term. December 23, 1904.)

1. LANDLORD AND TENANT—EVICTION—ACTS OF OTHER TENANTS.

A rule subjoined to leases of an apartment house declared that "practicing on any musical instruments not allowed." The leases also provided that, "in case of violation of any of the covenants of the lease, or any rule of the building by the lessee, * * * the lease shall, at the option of the lessor, immediately be null, and the term granted shall cease, and the lessor may re-enter without notice," etc. *Held,* that the provision is not a covenant on the part of the landlord that such option will be exercised for the benefit of one tenant when the rule of the house is violated by another tenant, and his failure to do so is not an eviction of the tenant complaining.

2. SAME—NOTICE TO LANDLORD.

Notice to a landlord that the tenant had rented other quarters, and would vacate in a few days, is not notice requiring the landlord to invoke the provisions of a lease authorizing him to eject another tenant for violating a rule of the house.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action for rent by Louis P. Sefton against V. Annette Juilliard. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Franklin Pierce, for appellant.
Stephen H. Keating, for respondent.

FREEDMAN, P. J. In an action for rent for the months of April and May, 1904, of premises held by the defendant under a written lease for the term of one year from October 1, 1903, to October 1, 1904, the defendant pleaded breach of contract, surrender and acceptance, and eviction. The trial court, in its opinion, has properly held that the proof was insufficient to sustain the defendant's contention as to the first two defenses, but also holds that there was sufficient proof to show that the apartments leased and occupied by the defendant were rendered untenantable by reason of the constant playing on a piano by another tenant, occupying another apartment directly underneath that occupied by defendant, and that such playing was under the control of the plaintiff by reason of certain provisions contained in the lease. At the end of the lease were certain rules and regulations, stated to be for the mutual benefit of the proprietor and guests. The seventh of such rules is as follows:

"No noisy or disorderly conduct or any conduct annoying or disturbing occupants of the building shall be permitted in any part thereof, nor shall

any tenant entertain therein any person of a bad or loose character or of improper behavior. Playing on any musical instruments before 9 a. m. or after 11 p. m. not allowed. Practicing on any musical instruments not allowed."

Section 7 of the lease provides that "the rules subjoined are made a part of the lease," and section 11 provides that, in case of violation of any of the covenants of the lease or any rule or regulation of the building by the lessee or her agents, family, guests, or servants, the lease shall, at the option of the landlord, immediately be null and void, and the term granted shall cease, and the lessor may re-enter without notice; the right of re-entry being expressly reserved to the lessor for that purpose.

Based upon these provisions in the lease the trial court held that:

"Although the disturbance was not caused by the landlord or his representatives, nevertheless it was within his power, under the terms of the lease of the premises in which the disturbance arose, to terminate them at his pleasure; and if he failed to exercise such power for the purpose of saving himself from loss of rent of the premises in which the disturbance arose, or for any other reason, he thereby failed to perform his duty under the lease to the other tenants."

In this we are of the opinion that the learned justice was in error. Section 11 of the lease, supra, merely gives the landlord an option to terminate the lease for a violation of any of the rules regulating the use of the premises, but that is not a covenant upon the part of the landlord that such option will be exercised whenever a violation occurs. Under such a clause the landlord is not bound to re-enter and expel a tenant for the benefit of another tenant. There is no such condition expressed in the lease, and, if the defendant herein desired to rely upon any such stipulation, she should have had it inserted therein. Neither has it ever been held that acts done by one tenant without the authority, consent, or connivance of the landlord can be treated by another tenant as constituting an eviction. In the case of Seaboard Realty Co. v. Fuller, 33 Misc. Rep. 109, 67 N. Y. Supp. 146, which was an action very similar to this one, the court, through O'Gorman, J., says:

"To constitute a constructive eviction, there must be an intentional and injurious interference by the landlord, which deprives the tenant of the beneficial enjoyment of the demised premises. Such eviction cannot be predicated of acts or misconduct, however wrongful or distressing, unless committed, encouraged, or connived at with the landlord. He is not responsible for the conduct of other tenants acting within their rights in their own apartments. If the defendant's grievance was a substantial one, he could secure redress, not against his landlord, but against the offending tenant in the premises above. In an apartment house where there are numerous tenants a distinction exists between acts done in the apartments of the tenants and those committed in the halls or other parts of the building over which the owner retains control. As to the former the individual tenants are responsible for the use thereof; and as to the latter the owner must answer for the manner of their use to his tenant."

It is not even claimed, much less proven, that the landlord consented to the acts on the part of the tenant complained of by the defendant. On the contrary, as soon as complaint was made by the defendant, the tenants were brought together, the matter

talked over and arranged, as believed by the plaintiff, satisfactorily to the defendant, and plaintiff had no notice of further annoyance to the defendant until plaintiff was notified by letter from defendant that she had rented other property, and would vacate the premises within a few days. This is far from proving any notice to the landlord that he was called upon to invoke the provisions of the lease and eject the offending tenant, even if he was compelled to do so under the terms of the lease. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

