### McKINNY v. BROWNING.

(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

LANDLORD AND TENANT—CONSTRUCTIVE EVICTION—DOGS IN ADJOINING APARTMENT.

    That a fellow tenant in apartments above defendant's kept a dog, which, when left alone, barked, howled, and disturbed defendant, did not constitute an eviction of defendant, so as to release him from liability for rent, where the lease did not require the landlord to exclude dogs from the premises, and it did not appear that she knew that the tenant owned a dog, or that, if he did own one, it would make a disturbance if left alone; defendant's remedy being against his fellow tenant.

Appeal from Municipal Court of New York.

Action by Mary McKinny against Charles Browning. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

George Tiffany, for appellant.

George E. Brower (Ernest C. Brower, on the brief), for respondent.

WOODWARD, J. The plaintiff brings this action to recover the balance of rentals due under a written lease, the defendant holding over. In October, 1904, the plaintiff leased to the defendant an apartment in her building. A written lease was entered into which provided that, if the premises became vacant during the term, the landlord might re-enter and lease the same, applying the proceeds to the payment of expenses and the rent reserved, the remainder, if any, to go to the defendant, and, in the event of a deficiency, the defendant to be liable for the same. The defendant entered into possession under this

lease for one year, held over for a period of six months, and this action is brought to recover for the remainder of the year; the plaintiff having failed to secure a tenant. A judgment for the amount claimed has been entered, the defendant appealing.

The defense relied upon is eviction. It is alleged that the plaintiff let an apartment to another family directly above the apartments rented to the defendant, and that this tenant owns a dog which, when left alone, as he often is, barks and howls and disturbs the defendant to such an extent as to become a nuisance, amounting, as it is claimed, to an eviction. Passing over the fact that the presence of the dog was known to the defendant for several months before the expiration of his lease, and that he held over knowing the facts, we are unable to understand how it can be claimed that a dog, owned by a tenant of another apartment, can constitute a nuisance for which the plaintiff is in any way responsible. There is no covenant in the lease of either party, so far as appears, that the plaintiff will exclude dogs from the premises. There is no evidence that the plaintiff owns the dog, or that she knew that the other tenants owned, or would own, a dog, or that if they did own a dog that it would be left alone, or that it would make a disturbance if it was left alone. It is not a nuisance as a matter of law to. have a dog, and, if the defendant's fellow tenants permitted their dog to become a nuisance, the remedy was against the fellow tenants, and not against the landlord, who was not shown to have been in any degree responsible for the action of the dog. The authorities we believe are uniform in holding that eviction, by nuisance, must be by a nuisance created by, or due in some measure to, the landlord, in order to obviate the otherwise absolute duty of paying the rent in the manner provided by the contract. There is no merit to this defense, and the plaintiff was fairly entitled to recover.

The judgment appealed from should be affirmed, with costs. All concur.