KENT v. WARD.

(Supreme Court, Appellate Term. June 30, 1908.)

1. LANDLORD AND TENANT—EVICTION—DISTURBANCES.

Where defendant, knowing of the location of a restaurant directly beneath, leased an apartment and continued to remain in possession for the first six months of the term, he could not then claim an eviction because of the noisome odors or music resulting from the acts of the tenant of the restaurant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 713.]

2. SAME—ACTION FOR RENT—DEFENSES—ENTRY BY LANDLORD.

Where a landlord's entry to make repairs was authorized by the lease, such act did not constitute a defense to an action for rent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 758.]

3. SAME—RELETTING.

Where rent was due in advance, and the tenant moved out before the end of the term, it was no defense to the landlord's action to recover rent for the unexpired term that she entered during the latter part of the last month of the term and relet the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 790, 791.]

4. SAME—UNTENANTABLE CONDITION.

Real Property Law, Laws 1896, p. 589, c. 547, § 197, permitting a tenant to surrender leased premises without further liability where the building is injured by any cause so as to become untenantable, does not make the interference with the tenant's enjoyment of the premises caused by the noisome odors and noises from a pre-existing restaurant rented to another tenant, without any fault of the landlord, a defense to an

action for rent accruing after the tenant's vacation of the premises because of such interference.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 770–786.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Sarah F. Kent against Henry C. Ward. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Ellison, MacIntyre & Davis (Arnold L. Davis, of counsel), for appellant.

Campora & Thiery (Auguste M. Thiery, of counsel), for respondent.

MacLEAN, J. In her action to recover for rent for the last six months of the term of the lease between herself and the defendant herein, the plaintiff recovered judgment, notwithstanding the attempted defenses of eviction, untenantability, surrender, and acceptance. Cognizant of the location of a restaurant directly beneath the apartment leased by him, even prior to the execution of the lease, the defendant might not well complain of the noisome odors or music, and charge responsibility to his landlord, instead of to the offending tenant (Sefton v. Juilliard, 46 Misc. Rep. 68, 91 N. Y. Supp. 348); nor, assuming the facts disclosed a constructive eviction by the landlord, might he remain in possession for the first six months of the term, and then in the spring, a convenient reason for moving, abandon the premises as of right, for, where the right to abandon premises exists, the tenant must remove with reasonable promptitude after the circumstances creating the eviction arise, and, if he fails to do so, his right to repudiate the hiring is lost (Seaboard Realty Co. v. Fuller, 33 Misc. Rep. 109, 111, 67 N. Y. Supp. 146; Butler v. Carillo [Sup.] 88 N. Y. Supp. 941).

As to the entry by the landlord in the last month of the term for the purpose of making repairs, nothing may be predicated therefrom, as the landlord was acting within the terms and agreement contained in the lease (Turner v. McCarthy, 4 E. D. Smith, 247), and the rent due in advance the plaintiff was entitled to recover therefor, notwithstanding later in the month of September she entered into possession and relet (Cheesebrough v. Lieber, 18 Misc. Rep. 459, 42 N. Y. Supp. 1122; Stern v. Murphy [Sup.] 102 N. Y. Supp. 797).

To the contention that the defendant was justified in removing from the premises because of their untenantability, and was protected by a broad construction to be placed upon section 197 of the real property law (Laws 1896, p. 589, c. 547), the determination of this court in the case of Floyd-Jones v. Schaan, 109 N. Y. Supp. 362, at the February term, is sufficient answer. The judgment herein should therefore be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs. SEABURY, J., concurs in result.