[Civ. No. 774. Second Appellate District.—October 17, 1910.]

# A. C. BILICKE, Respondent, v. P. JANSS, Appellant.

LEASE—ABANDONMENT BY LESSEE—JUDGMENT FOR RENT AGAINST GUARANTOR—FINDINGS—NOXIOUS ODORS FROM BUTCHER'S SHOP—CONSTRUCTIVE EVICTION NOT SHOWN.—Where judgment was rendered against a guarantor of rent, after the lessee had abandoned the leased premises for noxious odors and smoke from a shop leased to a butcher, which interfered with the enjoyment of his premises leased for a physician's institute, a constructive eviction of the lessee, relied upon by the guarantor, cannot be maintained, notwithstanding findings that noxious odors and smoke arising from a defective flue in the butcher-shop rendered the leased premises unfit for use, where the lease sued upon imposes no duty upon the lessor to keep or maintain the leased or other premises in a fit and suitable condition for a physicians' institute, and it was subsequent to the lease of the butcher-shop and expressly provided that the lessor should not be accountable for "any damage arising from any act or neglect of any cotenant or other occupants of the same building."

ID.—LEASE ACCEPTED WITH KNOWLEDGE OF CONDITIONS.—It appearing that the room leased for a butcher-shop and meat market was in use when the lease in question was executed, the lessee thereof must be deemed to have accepted his lease with full knowledge of the conditions existing by reason of conducting such meat market and butcher-shop in close proximity to the premises so leased by him.

ID.—PROVISION AGAINST DAMAGES—FINDING OF UNFITNESS OF LEASED PREMISES NOT CONSTITUTING OUSTER.—In view of the express provisions of the lease as to nonaccountability of the lessor for any damages sustained by the lessee from other tenants of the building, the finding that the leased premises were rendered unfit for the purposes for which they were leased by the acts of the tenant of the butcher-shop did not of itself constitute an ouster.

ID.—NUISANCE BY COTENANT NOT AN EVICTION—RENT NOT AVOIDED.—The mere fact that the landlord rents premises to a tenant who carries on a business incompatible with the convenient occupation of adjoining premises, also rented by the same landlord, does not amount to an eviction, and, in the absence of a provision to that effect in the lease, does not relieve the tenant who suffers from the nuisance from the obligation of payment under his lease.

ID.—LANDLORD NOT RESPONSIBLE FOR TENANT SMOKING MEAT.—The landlord was not responsible for the act of his tenant occupying a room for a meat and butcher-shop in smoking meat upon his own leased premises.

ID.—REDRESS OF TENANT FOR NUISANCE AGAINST OFFENDING TENANT.— If the acts of butcher tenant constituted a substantial grievance to another tenant, redress for the nuisance should have been against the offending tenant, and not against the landlord.

ID.—FINDING AS TO CONTROL OF PRIVATE DRIVEWAY—NUISANCE.—A finding that the driveway extending under the leased premises, into which the smoke and odors from the meat-shop came, was under the control of the landlord plaintiff in this action, it appearing that such driveway was no part of the leased premises nor appurtenant thereto, can only show that as against the lessor, in the absence of any express covenant in the lease touching the subject, the lessee had no right other than to insist that the landlord should not maintain a nuisance therein, nor let the same for some business which, notwithstanding the exercise of reasonable care on the part of the tenant, would nevertheless constitute a nuisance.

ID.—LANDLORD NOT RESPONSIBLE FOR DEFECTIVE PIPE OF TENANT NOT AUTHORIZED.—Where it is obvious that offensive odors could not have escaped from a properly constructed line of pipe extending through the driveway, and that they did escape is conceded to have been due to the fact that the pipes and appliances from the butcher's shop were defective, and it does not appear that the landlord authorized the use of such defective means for carrying off the smoke and odors, the facts fail to show that plaintiff was responsible for the evil conditions shown to exist.

ID.—CONSTRUCTIVE EVICTION OF TENANT FROM ACTS OF COTENANT—RESPONSIBILITY OF LANDLORD REQUISITE.—A constructive eviction from a leasehold cannot be claimed by a tenant because of the acts of another tenant of a portion of the premises, unless the landlord is responsible for what the tenant does.

ID.—FINDING THAT LESSOR COULD HAVE REMEDIED EVIL IMMATERIAL.— It appearing that the lessor was not responsible for unauthorized defective means used by a cotenant, the fact found by the court that the lessor could reasonably have remedied the evil is immaterial, for the reason that neither the law nor the covenants of the lease imposed upon him any duty to remedy it.

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Foster C. Wright, for Appellant.

Ward Chapman, and L. M. Chapman, for Respondent.

SHAW, J.—Action to recover monthly installments of rent for July and August, 1907, upon a lease of a storeroom.

Judgment went for plaintiff, from which defendant appeals upon the judgment-roll alone, claiming the judgment is not supported by the findings.

The lease was made to one E. W. Raymond, and in consideration of its execution defendant agreed that if the lessee should not pay the rent specified in the lease in accordance with the terms and provisions thereof, he would pay the same on demand therefor. The suit is against defendant upon this guaranty. While several defenses are set up in the answer, the only one urged on the appeal is the alleged constructive eviction of the lessee from the leased premises by plaintiff. The question therefore presented is whether or not the facts found by the court, considered with the admitted covenants of the written lease made on the part of the lessee, show his eviction by plaintiff. The premises, which were leased for the period of thirty months, commencing July 1, 1906, and for the purpose of conducting the business of a physicians' institute, are situated in Los Angeles and described in the lease as "That certain storeroom known as and numbered 504 South Main street, comprising the space about seventeen feet wide and about sixty-seven feet in depth from the easterly line of said Main street, together with a space in the rear of these premises and on an elevation of about seven feet above the same, said rear space being approximately thirty-five feet wide, six feet deep to an alley." By the terms of the lease the tenant covenanted and agreed that the landlord should not be liable or accountable for *"any damage arising from any act or neglect of any cotenant or other occupants of the same building, or of any owners or occupants of adjacent or contiguous property."*

These facts, omitting certain conclusions of law embodied in the findings, are, in substance, as follows: That underneath the premises covered by the lease, and forming a part of the building owned by plaintiff and under his control, was at all of the times mentioned a covered driveway, extending from a public alley in the rear of the building into and under the leased premises for a distance of about fifty feet; that said covered driveway was covered by the floor of a portion of the premises leased to Raymond; that abutting on and opening into said driveway were several storerooms forming a part of the same building so owned by plaintiff, and fronting on

Fifth street; that at all of said times one of said storerooms was occupied as a meat market and butcher-shop, the occupant thereof holding as a tenant of plaintiff under a lease of the same; that for a considerable period of time prior to January 1, 1907, and continuing to July 10, 1907, the lessee discovered that said leased storeroom was filled and permeated with a stench, foul odors and offensive smoke, which came from said covered driveway, seeping through the floor of said leased storeroom into said premises; that up to April 1, 1907, said odors and offensive smoke were caused by the acts of the tenant of said butcher-shop due to the killing of poultry in the driveway and the trying out of lard in the room occupied as a meat market and butcher-shop; that about April 1, 1907, upon complaint being made to the landlord, said butcher tenant, under instructions from the landlord, discontinued the killing of chickens in said driveway and the rendering of lard upon his premises, but from said date to the date of the abandonment of the premises by the lessee the tenant of said butcher-shop "continued the smoking of meat on his own premises, erecting certain hoods and smoke-pipes and vent-pipes extending into and through said private alley or driveway; . . . that from time to time smoke and smells escaped therefrom into said driveway and continued to exude and go through the floor of said leased premises involved herein"; that said condition was reported to and known by plaintiff, who failed to remedy the evil conditions when he could reasonably have remedied them; that at the time of the execution of the lease the lessee, Raymond, examined the premises and found no foul odors or offensive smoke therein; that by reason of said offensive smoke and smells permeating the leased premises the same were rendered unfit for the uses specified in the lease and were, early in July, 1907, abandoned by the lessee, who removed his property therefrom.

Not only was there no covenant on the part of the landlord that the premises were fit and suitable for the purpose for which they were leased, but the storeroom was in use as a butcher-shop and meat market at the time the lease was executed to Raymond, and he must be deemed to have accepted the lease with full knowledge of the conditions existing by reason of conducting a meat market and butcher-shop in close proximity to the premises so leased by him. The lease

imposed no duty upon the landlord to keep and maintain either the leased or other premises in a condition fit and suitable for carrying on the business of a physicians' institute. On the contrary, it expressly provided that, in so far as other tenants and occupants of the building were concerned, the landlord should not be accountable for any damages sustained by the lessee by reason of the acts of such other tenants and occupants. Hence, the finding that the leased premises were rendered unfit for the purposes for which they were leased did not in itself constitute an ouster. (*Kistler* v. *Wilson*, 77 Ill. App. 149; *Cougle* v. *Densmore*, 57 Ill. App. 591.) "The mere fact that the landlord rents premises to a tenant who carries on a business there incompatible with the convenient occupation of adjoining premises, also rented by the same landlord, does not amount to an eviction, and, in the absence of a provision to that effect in the lease, does not relieve the tenant who suffers from the nuisance from the obligation of paying rent under his lease." (*Gray* v. *Gaff*, 8 Mo. App. 329.) Clearly, the landlord was not responsible for the acts of the tenant smoking meat upon his own premises. If such acts of the butcher tenant constituted a substantial grievance, redress should have been had against the offending tenant, and not against the landlord. (*Seaboard Realty Co.* v. *Fuller*, 33 Misc. Rep. 109, [67 N. Y. Supp. 146].)

The court found that the private driveway extending under the leased premises was in the control of plaintiff. A fair interpretation of this finding is that plaintiff exercised like dominion over this private driveway that he did over one of the storerooms of the building. It was not appurtenant to the leased premises and was no part thereof. As against the lessor, in the absence of any express covenant in the lease touching the subject, the lessee had no right other than to insist that the landlord should not maintain a nuisance therein himself, nor let the same for some business which, notwithstanding the exercise of reasonable care on the part of the tenant in the conduct thereof, would, nevertheless, constitute a nuisance. (*Gray* v. *Gaff*, 8 Mo. App. 329; *French* v. *Pettingill*, 128 Mo. App. 156, [106 S. W. 575]; *McKinney* v. *Browning*, 126 App. Div. 370, [110 N. Y. Supp. 562].) Obviously, offensive smoke and odors could not have escaped from a properly constructed line of pipe extending through

this driveway. That they did escape is conceded by appellant to have been due to the fact that the pipes and appliances were defective. It does not appear, however, that the landlord authorized the use of such defective means for carrying off the smoke and odors.

The facts as disclosed by the record fail to show that plaintiff was responsible for the evil conditions found to exist. ''A constructive eviction from a leasehold cannot be claimed by a tenant because of the acts of another tenant of a portion of the premises, unless the landlord is responsible for what the tenant does.'' (*French* v. *Pettingill,* 128 Mo. App. 156, [106 S. W. 575].) If not responsible, then the fact, as found by the court, that the lessor could reasonably have remedied the evil, is immaterial, for the reason that neither the law nor the covenants of the lease imposed upon him any duty to remedy it.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.