Eagle v. Matthews.

No. 20,150.

CHARLES S. EAGLE, *Appellant,* v. TODD MATTHEWS, *Appellee.*

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Constructive Eviction—Acts of Third Persons—When Not Binding on Landlord.* In order to constitute a constructive eviction, the acts complained of must be those of the landlord or those for which he is responsible, and acts of third persons impairing the usefulness or enjoyment of the premises do not amount to an eviction by the landlord unless committed under his direction or at his instance or with his consent. ·

2. SAME—*Constructive Eviction—Not Result of Wrongdoing, Direction or Consent of Landlord—Verdict.* In an action to recover rent where the defense is a constructive eviction, a general verdict in favor of the defendant will be set aside where the special findings show that none of the grounds upon which the defendant claims the right to abandon the premises resulted from any wrongdoing of the plaintiff or by his direction or consent. .

3. SAME—*Eviction Claimed—Tenant Guilty of Laches by Remaining in Possession.* Where a tenant claims that circumstances have arisen which give him the right to abandon the lease and he claims an eviction, he must act within a reasonable time after the discovery of the conditions, and where he remains in possession of the premises under the lease for eleven months and the conditions were the same before and after the execution of the lease, he will be held to have waived any claim that he has been evicted by reason of the conditions.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed October 7, 1916. Reversed.

*T. F. Garver,* and *R. D. Garver,* both of Topeka, for the appellant.

*Otis Hungate,* and *Paul H. Heinz,* both of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an action by a landlord to recover rent. The petition set forth a written lease of the south half of a store room on Kansas avenue in the city of Topeka, for a term of sixteen and a half months from July 15, 1913, at a rental of $125 a month payable in advance. The defendant went into possession and paid the rent until June, 1914, when he abandoned the premises and refused to pay the rent for the rest of the term. The plaintiff gave him notice that he would be held for the agreed rent until the termination of the lease, but that in the meantime plaintiff was willing to coöperate with him in finding another tenant for the room and would report any application that might be made. The answer set up a constructive eviction and alleged that the premises were leased for the purpose of conducting a shoe and hat shop; that the plaintiff occupied the north half of the room as a retail cigar and tobacco shop, the premises being divided by a partition; that the front door of the plaintiff's place of business and that of the defendant opened from a common vestibule; that in the east end of the premises a large plate glass show window was of great value as an advertising feature to the defendant's business; that during all the time the defendant occupied the premises the plaintiff willfully permitted a group of young men who frequented plaintiff's place to stand and loiter in front of defendant's show window, obstructing the view from Kansas avenue and destroying the usefulness of the window as an advertising medium; and that these loafers maintained their position in front of the defendant's place with the consent and encouragement of the plaintiff. Another defense alleged was that plaintiff permitted gambling in his cigar store, where numbers of young men congregated early in the morning and remained until late at night, and that they in-

dulged in loud, profane and indecent talk which could be heard in the defendant's store by himself and his customers. The answer alleged these grounds for the abandonment of the lease.

The jury returned a general verdict in favor of defendant, and at the request of the plaintiff answered a number of special questions. The plaintiff moved for judgment on the special findings, and the sole question for determination is whether the court erred in refusing to sustain the motion.

The special findings are in substance that persons did not congregate in front of Matthews' show window or in the front entrance at the instance, direction, or with the consent of the plaintiff or any of his employees; that there was no gambling conducted at Eagle's place "that interfered with defendant's occupancy of his store" and that Eagle had instructed his employees not to permit gambling on the premises; that neither Eagle nor any of his employees used loud, profane or indecent language on the premises; that they did not consent to nor encourage others to use such language, and that the conduct of persons congregating at Eagle's premises was no different from the conduct of a like body of persons under similar circumstances. The findings are, too, that Matthews was familiar with the fact that Eagle was conducting a cigar store at this place before entering into the lease and was familiar with the place and its surroundings at the time the lease was made, and that the conditions were no different during his lease than before.

None of the grounds upon which the defendant claims the right to abandon the premises resulted from any wrongdoing of the plaintiff. The space in front of the show window on the side occupied by the defendant was not under the control of the plaintiff, and he could not be held responsible for the presence of persons congregating there. If the defendant was dissatisfied with having persons standing in front of his window, he should have complained to the police. It is said that "trespasses, or other acts of third persons impairing the usefulness or enjoyment of the demised premises, do not amount to an eviction by the lessor, unless the acts from which the eviction is asserted to result were committed under the direction of or at the instance or with the consent of the lessor." (24 Cyc. 1132.) The rule is that in order to constitute a constructive

eviction the acts complained of must be those of the landlord or those for which he is responsible. Moreover, the defendant remained in possession of the premises under the lease for eleven months after the commencement of the term. The findings are that the conditions remained the same before and after the execution of the lease; so that he must be held to have waived any right to claim that he had been evicted from the premises by reason of the conditions. Where a tenant claims that circumstances have arisen which give him the right to abandon a lease, he must act within a reasonable time after he discovers the conditions. (*Seaboard Realty Co. v. Fuller*, 67 N. Y. Supp. 146, 8 N. Y. Ann. Cas. 418; 24 Cyc. 1134.) The findings are in direct contradiction of the general verdict and must control.

The judgment is reversed and the cause remanded with directions to sustain the plaintiff's motion for judgment.