ELIZABETH CAMPBELL, as Executrix, etc., of CHARLES HOFFERBERTH, Deceased, Respondent, *v*. POLAND SPRING COMPANY, Appellant.

First Department, April 8, 1921.

Landlord and tenant — lease under seal executed by attorney in fact without signing as such is valid — executrix of landlord may sue on lease — decision of Special Term overruling demurrer not law of case where defendant answers — agreement to make alterations before lease took effect waived by taking possession and paying rent — plaintiff need not allege and prove alterations made — defendant having taken possession could not cancel lease for failure to make alterations — amendment to complaint permitting recovery for rent after action commenced improper.

In an action by an executrix to recover rent reserved under a lease of premises for three years, which was sealed and signed by the son of testator under a power of attorney but which did not purport to be signed by him as such, *held*, on all the evidence, that the lease was made in behalf of and solely for the benefit of the decedent, and that this was recognized and well understood by the defendant.

Though the lease was sealed, a seal was not required for it was a lease for three years only, and, therefore, an action was maintainable thereon by the representative of the landlord.

The decision of the Special Term overruling the demurrer to the complaint on the ground that the lease was valid for a term of one year only, owing to the fact that it was under seal and not signed by the decedent and did not purport to be signed for him by an attorney in fact, was not the law of the case and did not preclude a recovery for rent beyond the first year, since the defendant by answering waived any benefit which it might have derived from the adjudication.

The express provision in the lease that it was not to become binding unless the landlord made certain alterations and repairs was waived by the defendant taking possession of the premises and paying the rent without the changes having been made.

Accordingly it was not necessary for the plaintiff to allege and prove the making of changes, but it was for the defendant, if it claimed any relief on account of such failure, to plead the failure as a defense or counterclaim.

By taking possession and remaining therein and paying rent for a long period, defendant waived any right it may have had to cancel the lease on account of the failure of the landlord to make the agreed alterations, at least, unless it satisfactorily showed that it was induced to continue in possession by assurances on the part of the landlord that he would complete performance of his obligation.

It was improper for the trial court to permit an amendment to the complaint by extending the demand for the recovery of rent to the two months succeeding the commencement of the action, for this being an action at law, the plaintiff's right to recover was limited to the amount due and owing at the time it was commenced.

APPEAL by the defendant, Poland Spring Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of August, 1920, on the decision of the court rendered after a trial at the New York Trial Term, a jury having been waived.

*Frank Parker Ufford,* for the appellant.

*Bertram L. Kraus* of counsel [*Wesselman & Kraus,* attorneys], for the respondent.

LAUGHLIN, J.:

The recovery was for rent for part of the premises known as 539 West Twenty-first street, borough of Manhattan, New York, from the 1st day of August, 1915, to and including the month of March, 1917, pursuant to the terms of a lease in writing. In the month of March, 1914, Charles Hofferberth, since deceased, was the lessee of and in possession of the premises under a long term lease with the right to sublet. The lease on which the recovery was had is dated the 4th of March, 1914, and is for the term of three years commencing on the first day of April thereafter, and it was therein recited that it was made between the decedent as party of the first part and the defendant as lessee and party of the second part. The witness clause is as follows: " *In witness whereof,* the

parties of these presents have hereunto set their hands and seals the day and year first above written." It was not signed by the decedent, but by C. Fred Hofferberth with the letters " L. S." opposite his signature, and the only acknowledgment for the landlord was by him individually. The rent was $1,600 per annum, and it expressly provided that it was to be paid to the decedent in equal monthly installments in advance on the first day of each month of the term, and that the rent for the first month was to be paid at the time of the signing and execution of the lease.

The principal point presented on the appeal arises on the appellant's contention that inasmuch as the lease was under seal and was not signed by the decedent, no action can be maintained thereon by his personal representative. The uncontroverted evidence shows that the defendant entered into possession of the part of the premises covered by the lease on the day the term commenced, and that pursuant to negotiations conducted between or on behalf of the parties, an agreement in writing evidenced by a letter from the decedent to the defendant on April 25, 1914, and from the defendant to him on the twenty-seventh of that month, supplemental to the lease, which was for the two lower floors, was made by which the lease was extended to the third floor of the building on the premises; that the defendant remained in possession and occupation of the premises covered by the lease and supplemental agreement until the 20th of July, 1915, when it removed therefrom; that the defendant by sixteen checks to the order of the decedent paid the rent reserved by the lease and supplemental agreement to and including the month of July, 1915, without questioning the validity of the lease. It was not shown when the decedent died, but it is to be inferred that it was not until after the defendant removed from the premises. Letters testamentary on his estate were duly issued to the plaintiff on the 21st of February, 1918. The plaintiff alleged that C. Fred Hofferberth, who signed the lease, was the agent of and attorney in fact for the decedent under a power of attorney duly executed under his hand and seal, and that as such agent and attorney in fact he signed and executed the lease in duplicate, one duplicate having been delivered to and retained by each of the parties, and that the lease was so

executed and delivered solely for and on behalf of and for the benefit of the decedent. The power of attorney was duly executed and delivered on the 13th day of July, 1908, and it conferred upon the attorney in fact, who was the decedent's son, full authority to execute leases of the decedent's real estate. It is not shown that the defendant knew of the existence of the power of attorney, but the negotiations for the lease and supplemental agreement and negotiations with respect to certain alterations of the premises that were to be made by the landlord and which the defendant claims were never completed as agreed, were conducted between the defendant and the decedent's said son; and it was fairly to be inferred that the defendant knew that the lease was not signed by the decedent, but by his son. It necessarily follows from these facts that the lease was made in behalf of and solely for the benefit of the decedent, and that this was recognized and well understood by the defendant. If the. lease were one which required a seal to render it valid, no action could be maintained thereon in behalf of the decedent (*Schaefer* v. *Henkel,* 75 N. Y. 378; *Henricus* v. *Englert,* 137 id. 488, 494; *Spencer* v. *Huntington,* 100 App. Div. 463; affd., 183 N. Y. 506; *Case* v. *Case,* 203 id. 263), but the lease being for a period of only three years, the seal was surplusage, and that being so, the facts to which reference has been made warrant an action thereon in the right of the decedent. (*Schaefer* v. *Henkel, supra; Townsend* v. *Hubbard,* 4 Hill, 351; *Briggs* v. *Partridge,* 64 N. Y. 357, 364.)

A demurrer to the complaint was overruled at Special Term, on plaintiff's motion for judgment on the pleadings, on the ground, according to the order and opinion, that the lease was valid and enforcible for one year, but for a no longer period owing to the fact that it is a sealed instrument and was not signed by the decedent and does not purport to have been signed for him by an attorney in fact. It appears to be claimed by the appellant that the decision on that motion is the law of the case and precludes a recovery of rent beyond the first year. The adjudication on the demurrer was that the complaint was good but only for rent for the first year; but the defendant was given leave to answer and it did so. It thereby waived any benefit it might have derived by the adjudication,

if it had rested thereon. The trial court would have been warranted in following the Special Term opinion, which was by a court of co-ordinate jurisdiction, but the decision did not remain *res adjudicata* and the opinion is not binding on this court.

It was expressly provided that the lease was not to be binding unless prior to the 1st day of April, 1914, the lessor caused to be made certain repairs and alterations, specified in a letter from Hiram Ricker & Sons, who owned all the capital stock of the defendant, to the decedent on the 10th of February, 1914. The defendant was desirous of using the premises as a warehouse for the temporary storage of Poland Spring Water in original sealed receptacles as it came from the spring, until sold or delivered to its customers.

The decedent was the lessee and in possession of the brick building known as 539 West Twenty-first street. The lease to the defendant was of the first floor front from a brick wall, which completely separated the front from the rear, and of the second floor front extending back " to the rear stairs," by which was meant a stairway leading up from the rear part of the ground floor of the building. The decedent was in the lumber business, and he used the ground floor back of the partition wall as a stable for some of his horses. He kept six there at the time of making the lease, and later only three. The second floor consisted of a single unpartitioned room running from the front to the rear of the building with the stairway, referred to in the lease, leading up to it from the stable. During the negotiations for the lease, it was anticipated that objectionable odors might pass from the stable up through the stairway to the second floor; and with a view to shutting them off from that part of it which was let to the defendant, it was provided in the letter referred to in the lease, among other things, that the decedent should put a double-boarded partition covered with paper and without any door across the rear of the second floor just in front of the stairway, so that the part of the floor occupied by the defendant should be free from dust and odors from the rest of the building. The work of constructing this partition was in progress when the defendant took possession; and there was evidence tending to show that it was assured that the partition would be

First Department, April, 1921. [Vol. 196

completed as agreed. The landlord proceeded with the work and erected a single board partition without paper covering and with one door which, however, was required by the authorities of the department of fire. The partition was completed in this manner during the first month of the term. On the part of the plaintiff testimony was given by the attorney in fact to the effect that there was no complaint by the defendant that the partition as erected was not a substantial compliance with the agreement or acceptable to the defendant, or that it admitted to the part of the building occupied by the defendant any odors or would admit odors to a greater extent than if it had been erected in strict compliance with the agreement, until on or about ten days before the defendant vacated the premises; and that during this period such odors as came from the stable decreased, and that no odor from it passed through this partition into the premises leased to the defendant. On the other hand, testimony was given in behalf of the defendant by its president, treasurer and an employee to the effect that protests were made to the attorney in fact in its behalf by them against the partition as erected, and that objectionable odors from the stable permeated the premises occupied by the defendant on the second floor owing to the failure of the landlord to construct the partition as agreed, and that such odors increased during the ensuing year, and that as late as March, 1915, the attorney in fact promised to comply with the agreement with respect to the partition. The defendant pleaded and claims on these facts that the failure to erect the partition as agreed and the objectionable odors entering the premises rented to defendant constituted both a breach of a condition precedent to the plaintiff's right to recover, and a constructive eviction. The trial court found that the partition was not erected as agreed, but it is evident that the finding was largely predicated on the fact that there was a door in the partition which had been lawfully required so that it could not have been so constructed. But the court made no specific findings as to whether complaint was made of the partition as erected or a promise was later made to reconstruct the partition in accordance with the agreement, or whether odors entered the premises leased to the defendant on the second floor, as claimed, or as to whether the defendant

vacated the premises on account of the odor; and refused to make findings requested by defendant in its favor on those points.

I fail to see any force in the contention made in behalf of the appellant to the effect that strict performance of the agreement with respect to the construction of the partition was a condition precedent to the plaintiff's right to recover the rent. The agreement to construct the partition and to make other changes and alterations which concededly were made, did not become covenants of the lease. They were referred to in the lease merely to show that it was not to take effect unless the changes and alterations were made before the commencement of the term. But by the defendant's taking possession before the partition was completed the agreement underwent a modification. If the defendant so took possession on the assurance that the partition would be constructed as agreed, and that was not done, it might have constructed the partition itself and have charged it to the landlord; and if it had deemed that there were objectionable odors which could thus have been shut off, it is a reasonable inference that it would have done so, and could have done so at a small cost. The learned counsel for the defendant contends that the partition was to be constructed before the lease was to become binding and that, therefore, it was necessary for the plaintiff to allege and prove performance of this obligation as a condition precedent to his right to recover rent, or to allege and prove a waiver. Plaintiff, however, has alleged and the uncontroverted evidence shows a waiver of the performance of this obligation as a condition precedent to the lease becoming effective. He alleged and showed that the defendant took possession under the lease and remained in possession and paid the rent for the period specified. In these circumstances, it was not incumbent upon the plaintiff to allege and prove the construction of the partition; but it was for the defendant, if it claimed any relief on account of such failure, to plead the failure as a defense or counterclaim for damages. By taking possession and remaining in possession and paying the rent for such a long period, defendant waived any right it may have had to cancel the

lease on account of the failure of the landlord to construct the partition as agreed, at least, unless it satisfactorily showed that it was induced to continue in possession by assurances on the part of the landlord that he would complete performance of his obligation. (*Butler* v. *Carillo*, 88 N. Y. Supp. 941; *Heilbrun* v. *Aaronson*, 116 id. 1096; *Seaboard Realty Co.* v. *Fuller*, 33 Misc. Rep. 109. See, also, *Marks* v. *Dellaglio*, 56 App. Div. 299.) On the point with respect to whether the defendant was given such assurance and induced thereby to remain in possession, there was conflicting testimony as there was also on another theory claimed by the defendant which is that it was assured by the landlord, although he had not so agreed, that he would discontinue the use of the stable as such. In the circumstances, the testimony of the attorney in fact given in behalf of the plaintiff, to the effect that no complaint with respect to the partition or odors or promise to change the partition as constructed or to change the use of the stable was made, is quite as probable as the testimony offered in behalf of the defendant to the effect that such complaints were made to and assurances were given by him; and, therefore, we cannot say that the trial court erred in refusing to find in favor of the defendant upon the issues of fact, to which reference has been made, and we would not be warranted in making such findings.

The court, on the plaintiff's motion on the trial, permitted an amendment of the complaint by extending the demand for the recovery of rent to the two months succeeding the commencement of the action. The action being at law, plaintiff's right to recover was limited to the amount due and owing when it was commenced. (*Bull* v. *Rothschild*, 4 N. Y. Supp. 826; *Trempe* v. *Perlman*, 187 App. Div. 745; *Banigan* v. *Village of Nyack*, 25 id. 150.)

It follows that the judgment should be modified by eliminating the amount recovered for rent for the months of February and March, 1917, together with the interest thereon, and as so modified affirmed, without costs to either party.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Judgment modified as directed in opinion and as so modified affirmed, without costs. Settle order on notice.