[Civ. No. 31535.   Second Dist., Div. Four.   June 14, 1968.]

GIUSEPPE CONTERNO, Plaintiff and Respondent, v. ROSS BROWN, Defendant and Appellant.

Ross G. Brown, in pro. per., for Defendant and Appellant.

Thomasset & Thomasset and Alfred Lubin for Plaintiff and Respondent.

BISHOP, J. pro tem.*—The crucial question at the beginning of this case was: Does the defendant have plaintiff's consent for him to keep a dog on the leased premises? By the time the judgment, from which defendant has appealed, was rendered, that question had lost all significance. Instead, the crucial question had become: Is defendant's failure to pay rent from July 15, 1963, to February 1, 1964, excused by the fact that plaintiff had failed to keep a cotenant from making so much noise that defendant had in effect, been evicted? We are persuaded that the trial court's negative answer to the

_____

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

last question is supported by the venerable case of *Bilicke* v. *Janss* (1910) 14 Cal.App. 342 [112 P. 201], and so the judgment should be affirmed.

The complaint, filed August 20, 1963, was drawn in two counts: The first sought to recover two month's rent of $140 each. The second had as its objective an injunction putting a stop to defendant's harboring a dog on the demised premises. Before the action came to trial the defendant had left the premises, on August 23, 1963, taking his dog with him, and the need of an injunction disappeared with the dog. But the monthly rent continued to be unpaid, in spite of plaintiff's endeavors to obtain a new tenant, until February 1, 1964, when a substitute for defendant was secured. Plaintiff was given a judgment for the rent from July 15, 1963, to February 1, 1964, in the sum of $910 plus $350 attorney fees.

The reason that the defendant departed from plaintiff's apartment had, ostensibly at least, nothing to do with the dog. That which the defendant could take no longer was the noisy tenants who occupied the apartment just below his. They were three in number, a 12-year-old and her parents, who joined in song at all hours, when not joined in noisy quarrels that made sleep impossible. Defendant complained to plaintiff, the common landlord, and he expostulated with the offending tenant, to no avail.

In *Bilicke* v. *Janss,* the venerable case referred to, the action was one for two months' rent not paid by one who had guaranteed the tenant's prompt payment of his rent. The defense was that another tenant caused so unpleasant an odor to permeate the leased premises that they became unfit for the use for which rented. But, the plaintiff rejoined: "By the terms of the lease the tenant covenanted that the landlord should not be liable or accountable for 'any damage arising from any act or neglect of any cotenant or other occupant of the same building, or of any owner or occupants of adjacent or contiguous property'." The appellate court agreed that the smoke was no excuse for the nonpayment of the rent. Referring, we are sure, to the passage just quoted, it declared: "It expressly provided that, insofar as other tenants and occupants of the building were concerned, the landlord should not be accountable for any damages sustained by the lessee by reason of the acts of such other tenants and occupants. Hence, the finding that the leased premises were rendered unfit for the purposes for which they were leased did not itself constitute an ouster." The plaintiff's judgment for two months rent was affirmed.

Turning now to the printed lease attached to and made a part of the answer in this case (the lease that governed the parties) we find these words in its third paragraph: "That said Lessor shall not be liable for . . . any damage arising from acts or neglects of co-tenants, or other occupants of the same building, or of any owners or occupants of adjacent or contiguous property." One may speculate whether the person who drafted the lease effective in this case plagiarized the words quoted from the lease in *Bilicke* v. *Janss, supra.* Whatever the conclusion, the thought is so identical that we find the case in point, and consider its conclusion a proper one.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied July 12, 1968.