### MARTENS et al. v. SLOANE.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

1. LANDLORD AND TENANT (§ 173*) — CONSTRUCTIVE EVICTION — ODORS FROM COOKING FOOD.

The cooking of food in the basement of a building by a tenant in the conduct of a restaurant, in consequence of which odors find their way into the apartments of another tenant, is not a constructive eviction, relieving him from payment of rent, where the alleged nuisance is confined wholly to acts of the tenant using instrumentalities owned by himself, with which the landlord has nothing to do; and this, though the portion of the building used as a restaurant was occupied as a residence when the other tenant leased.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 705; Dec. Dig. § 173.*]

2. LANDLORD AND TENANT (§ 172*) — CONSTRUCTIVE EVICTION — INSUFFICIENT HEAT.

Where the landlord did not covenant to furnish heat, and there is no proof that the apartments occupied were arranged so that they could be heated from a furnace by the landlord, proof that there were radiators of imperfect design and construction in the apartments, that the apartments were cold, and that the tenant complained thereof, has the effect only of showing that for some unexplained reason the temperature was not maintained, so as to make the apartments comfortable, and does not establish a constructive eviction, relieving the tenant from the payment of rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Abraham Martens and another against Ralph D. Sloane. Judgment for plaintiffs, and defendant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Milton J. Gordon (Nathan Kalvin, on the brief), for appellant.

Stephen W. Collins (Frederick Willets, on the brief), for respondents.

RICH, J. This action was brought to recover rent. The defendant claimed constructive eviction, because of a failure to properly heat the demised premises, and because of a nuisance created by another tenant, by whom a portion of the building, which was occupied as a residence when defendant leased, was subsequently used as a restaurant. The lease, which is in writing, limits the use of the premises occupied by defendant to that of a private dwelling apartment for his family. There is no covenant of the landlords for quiet enjoyment, heat, repairs, or keeping the premises in such condition that they might be comfortably and without annoyance used by the lessee as a dwelling.

The nuisance complained of was not the result of acts of the landlords, unless it can be held that the giving of the later lease charged them with responsibility for the acts of the lessee. I do not think it had that effect. The cooking of food in the basement of the building, in consequence of which odors found their way into the apartments occupied by defendant, were not acts of the plaintiffs, and did not arise from instrumentalities in their possession or operated by them. In that respect the case presented differs from the authorities cited, which involve gas and odors from a furnace in the basement of an apartment building, owned and operated by the landlord for the benefit of all of his tenants (Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716), the entry of water through the cellar and foundation walls, causing dampness and malaria (Meserole v. Hoyt, 161 N. Y. 59, 55 N. E. 274), odors arising from a sewer under the demised premises, provided by the landlord for the use of himself and other tenants in the building and used by them (Sully v. Schmitt, 147 N. Y. 248, 41 N. E. 514, 49 Am. St. Rep. 659); and similar cases, in which it was held that such acts constituted constructive eviction. These cases rest upon the affirmative acts of the landlord, resulting in a nuisance, due in some measure to him, and are not controlling in a case where the alleged nuisance is confined wholly to acts of a tenant of another portion of the building, using instrumentalities owned and operated by himself, which the landlord does not control and with which he has nothing to do. McKinny v. Browning, 126 App. Div. 370, 110 N. Y. Supp. 562.

The plaintiffs did not covenant in the lease to furnish heat for the demised premises, and there is no proof that the rooms occupied by the defendant were arranged so that they could be heated from a furnace, or other apparatus, by plaintiffs. The proof is limited to testimony that there were radiators of imperfect design and construction in such apartments, that the rooms were cold in the winter season, and that the defendant and his wife complained to the plaintiffs and their agent that they did not get sufficient heat. This might all have

been the result of the defective radiators, and the evidence has the effect only of showing that from some unexplained reason the temperature of the demised premises was not maintained, so as to make them comfortable as a residence for defendant's family during the winter months.

The evidence does not establish a constructive eviction, and the judgment of the Municipal Court must be affirmed, with costs. All concur.