(72 Misc. Rep. 383.)

### PHYFE v. DALE.

(Supreme Court, Appellate Term. June 29, 1911.)

1. LANDLORD AND TENANT (§ 172*)—EVICTION—ACTS OR OMISSIONS OF LANDLORD.

Where defendant leased an apartment in an apartment house, of which the landlord retained control of the halls, stairways, and elevators, and the tenants of other apartments conducted themselves in a noisy and indecent manner, keeping defendant, his wife, and two small children awake until late hours, and loud arguments and lewd conversations were heard nightly, and the premises were frequented by prostitutes and by intoxicated men and women, and tenants were accosted and insulted in the halls and elevators, and defendant's wife was once so insulted, and the landlord, who had knowledge of all these things, took no action to restore order, or to remove the objectionable tenants, the actions complained of, in so far as they were committed in premises under the landlord's control, constituted a constructive eviction.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 172*)—DISTURBANCE OF POSSESSION OF TENANT.
    Where a landlord neglects to take proceedings to remove lewd, noisy,
    and insulting tenants from an apartment house, a tenant to whom they
    are objectionable is justified in removing from the premises.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
    695–703; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Amelia Phyfe against John G. Dale. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See, also, 69 Misc. Rep. 637, 126 N. Y. Supp. 92.

Argued before SEABURY, GUY, and BIJUR, JJ.

Malcolm Sundheimer (A. Maurice Levine, of counsel), for appellant.

Kelley & Connelly (M. E. Kelley and C. S. Lorentzen, of counsel), for respondent.

SEABURY, J. This is an action to recover rent under a written lease. The answer admits the making of the lease and pleads a constructive eviction. The demised premises consisted of an apartment in an apartment house in which the common halls, elevators, and stairways, were under the control of the plaintiff. The evidence shows that the tenants of other apartments conducted themselves in a noisy and indecent manner, and that owing to this conduct the defendant, his wife, and two small children were kept awake until the late hours of the night, and that loud arguments and lewd conversations were heard nightly, and acts of prostitution were seen going on through the open windows in the apartment below that leased to the defendant The evidence also shows that telephone conversations soliciting females to come to the premises for purposes of prostitution were frequently heard by the inmates of defendant's apartment. Men and women in an intoxicated condition were shown to have visited the house, and tenants were accosted and insulted in the elevators and halls, which were under the control of the landlord. The defendant's wife was insulted in this manner while in one of the elevators. The landlord was shown to have knowledge of all of these facts, and he took no action to restore order in the halls and elevators, or to remove the tenants who were guilty of the conduct complained of. Upon ascertaining that the landlord would take no action to remedy this condition of affairs, the defendant did the only thing he could do. He removed from the premises. The present action is to recover for the rent of the premises after the defendant had removed therefrom.

[1] The actions which the landlord permitted to take place in the elevators and halls constituted a common nuisance, which the landlord had the complete power to abate. His failure to do so justified the defendant in vacating the premises. The defendant was not obliged by any rule of law or reason to remain in the premises and permit his wife to be grossly insulted and the peace and comfort of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his family to be rudely interrupted. The actions complained of, in so far as they were committed in that part of the premises which were under the control of the landlord, constituted a constructive eviction. Dyett v. Pendleton, 8 Cow. 727.

[2] While we regard the principle stated as decisive of this case, we are of the opinion that the failure of the landlord to institute proceedings to remove the objectionable tenants itself justified the defendant in removing from the premises.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.