The Trustees of the Sailors' Snug Harbor in the City of New York, Appellant, v. Lester Sugarman, Respondent.

First Department, June 5, 1942.

*J. Donald Rawlings* of counsel [*Hawkins, Delafield & Longfellow,* attorneys], for the appellant.

*Oscar Levine,* for the respondent.

Townley, J. The plaintiff brought this action for rent for the months from December, 1939, to and including September, 1940, amounting to $825, with interest. Defenses of rescission based on fraud in the inducement to make the lease and of constructive eviction were interposed. Assuming but not deciding that the testimony in the case was sufficient to justify submitting the question of fraud in the inducement to the jury, we cannot determine that this verdict depended upon a finding of fraud and misrepresentation.

At the request of defendant's counsel, the court charged that "regardless even if they do not find, if they may not find, let us say in their discussion that there was no misrepresentation, still if this condition existed factually after they got into the apartment and they found that this noise was so excessive that they did not have the beneficial enjoyment of the apartment, then it would be an eviction."

After the verdict was recorded, the court denied the plaintiff's motion to set the verdict aside and for a directed verdict in plaintiff's favor, saying: " It is a question of fact as to whether there was fraud and misrepresentation as is presented, and the verdict will stand." It is obvious, in view of the instruction given, that the court could not decide that the jury had passed only on the question of fraud and misrepresentation.

The ground for claiming a constructive eviction is that there were objectionable noises from adjacent premises, which disturbed defendant's wife and that these adjacent premises were also owned by the plaintiff. The noises were not made by the plaintiff landlord but by its tenant in the neighboring building. The noises were such as were normal in the business that was being conducted there and it is not claimed that the zoning or health laws were violated in any way or that there was any such nuisance as would justify any action by the police to abate it. The noise objected to in this case occurred in the daylight hours. The apartment seems to have been quiet at all normal hours in which it is proper to demand repose and freedom from noise.

It has been uniformly held that a tenant may plead constructive eviction only where, through the landlord's acts, the tenant has been substantially deprived of the beneficial enjoyment of the demised premises. (2 McAdam Landlord & Tenant [5th ed.], 1392; *Martens* v. *Sloane*, 132 App. Div. 114; *McKinny* v. *Browning*, 126 id. 370.)

This general rule was adopted in the Appellate Term in *Phyfe* v. *Dale*, decided in 1911 (72 Misc. 383). There the court, in upholding a defense of constructive eviction, said: " The actions complained of, in so far as they were committed in that part of the premises which were under the control of the landlord, constituted a constructive eviction. (*Dyett* v. *Pendleton*, 8 Cow. 727.) "

In *Home Life Insurance Co.* v. *Breslerman* (168 Misc. 117) the Appellate Term in this department extended the rule to permit the pleading of constructive eviction where the landlord, with notice of existing conditions, took no effective steps " as he was authorized to do under his lease with the overhead tenant to abate the nuisance." That case was not reviewed by this court and whether the decision was proper on the facts is not subject to review at this time. The fact remains, however, that in the case at bar, there is no such situation and the Appellate Term has affirmed a judgment adjudicating certain noises as constituting a constructive eviction where these noises were not in any sense a nuisance and were not made by the landlord. We think that such a holding is not justified by the decisions governing constructive evictions

nor by any wise policy as to the scope of judicial supervision over landlords and tenants.

The defense of constructive eviction, as was said in *Martens* v. *Sloane* (*supra*), must rest upon the " affirmative acts of the landlord resulting in a nuisance, due in some measure to him " and not to a case " where the alleged nuisance is confined wholly to acts of a tenant of another portion of the building, using instrumentalities owned and operated by himself, which the landlord does not control and with which he has nothing to do."

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, and a new trial ordered, with costs in this court and in the Appellate Term to the appellant to abide the event.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed and a new trial ordered, with costs in this court and in the Appellate Term to the appellant to abide the event.